## ILLINOIS CENTRAL RAILROAD COMPANY v. SHEEGOG.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 41. Argued December 12, 1909.—Decided December 20, 1909.

Where the joinder of the resident and the non-resident defendants prevents removal to the Federal court, the fact that on the trial the jury finds against the non-resident defendant only has no bearing on the question of removal if the joinder was not fraudulent.

Allegations of fact, so far as material in a petition to remove, if controverted, must be tried in the Federal court, and therefore must be taken to be true when the state court fails to consider them.

A plaintiff may sue the tort-feasors jointly if he sees fit, regardless of motive, and an allegation that resident and non-resident tort-feasors are sued for the purpose of preventing removal to the Federal court is not a sufficient allegation that the joinder was fraudulent.

A lessor railroad company remains responsible, so far as its duty to the public is concerned, notwithstanding it may lease its road, unless relieved by a statute of the State.

Whether defendants can be sued jointly as tort-feasors is for the state court to decide; and so held that, where the state court decides that a lessor road in that State is responsible for keeping its roadbed in order, the joinder of both lessor and lessee roads in a suit for damages caused by imperfect roadbed and management is not fraudulent and the lessee road, although non-resident, cannot remove if the lessor road is resident.

126 Kentucky, 252, affirmed.

THE facts are stated in the opinion.

Mr. Edmund F. Trabue, with whom Mr. John C. Doolan, Mr. Attilla Cox, Jr., and Mr. Blewett Lee were on the brief, for plaintiff in error:

The lessor and conductor were joined as petitioner's co-

defendants solely to prevent a removal to the Federal court, and the trial court sustained their motions for peremptory instructions in their favor, and plaintiff below prosecuted no appeal from these judgments, but abandoned his case as to them both.

The allegations of fact in a petition for removal must be accepted by the state court as true, because an issue on such allegations can be tried only in the Federal court. *Railway v. Dunn*, 122 U. S. 513, 517; *Plymouth v. Amador Co.*, 118 U. S. 264, 270; *Louisville R. R. Co. v. Wangelin*, 132 U. S. 599; *Alabama Gt. Southern Ry. Co. v. Thompson*, 200 U. S. 218; *Wecker v. National Co.*, 204 U. S. 176; *Chesapeake & Ohio Ry. Co. v. McCabe*, 213 U. S. 207; *Dow v. Bradstreet*, 46 Fed. Rep. 824; *Arrowsmith v. Railroad Co.*, 57 Fed. Rep. 165; *Diday v. Railway Co.*, 107 Fed. Rep. 565; *Union Co. v. C., B. & Q. R. R. Co.*, 119 Fed. Rep. 209; *Kelly v. C. & A. R. Co.*, 122 Fed. Rep. 286; *Gustafson v. Railway Co.*; 128 Fed. Rep. 85; *Dishon v. C., N. O. & T. P. Ry. Co.*, 133 Fed. Rep. 471; *Boatmen's Bank v. Fritzlen*, 135 Fed. Rep. 650, 668 (certiorari denied, 198 U. S. 586); *South Dakota Co. v. Cin. & St. P. Ry. Co.*, 141 Fed. Rep. 578, 581; *Thomas v. Great North. Ry. Co.*, 147 Fed. Rep, 83, 86; *Atlanta, K. & N. Ry. Co. v. Sou. Ry. Co.*, 153 Fed. Rep. 122, 126; *M'Guire v. Great North. Ry. Co.*, 153 Fed. Rep. 434, 439; *Politz v. Wabash Ry. Co.*, 153 Fed. Rep. 941; *M'Alister v. Ches. & Ohio Ry. Co.*, 157 Fed. Rep. 740, 743; *Harrington v. Gt. Nor. Ry. Co.*, 169 Fed. Rep. 714; *Donovan v. Wells, Fargo & Co.*, 169 Fed. Rep. 363.

The state court, therefore, had no jurisdiction to try or determine the question of fact tendered by the petition for removal, much less to try it on evidence heard only on the merits. *Rutherford v. I. C. R. R. Co.*, 120 Kentucky, 15; *Coley v. I. C. R. R. Co.*, 121 Kentucky, 385; *Dudley v. I. C. R. R. Co.*, 127 Kentucky, 221; *Underwood v. I. C. R. R. Co.*, 31 Ky. L. R. 595, holding that the state court may try issues of fact upon a petition for removal, is a doctrine unsound in

principle and in conflict with the decisions of this court and all of the other Federal courts.

Where the plaintiff joins as the real defendant's co-defendants persons known to be improper parties and fabricates averments concerning them in order to misstate their connection with the case, a petition for removal in alleging fraud in the joinder of the improper defendants may aver the untruth of the plaintiff's averments, otherwise the right of removal to the Federal court might always be frustrated by the plaintiff *ad libitum;* and the courts will be astute to prevent such devices. Miller, J., 4 Dill. 277 (cited in 57 Fed. Rep. 169), and see *Crawford* v. *I. C. Ry. Co.*, 130 Fed. Rep. 395; *C., R. I. & P. Ry. Co.* v. *Stepp*, 151 Fed. Rep. 908, and other cases cited *supra.*

Although the state court was without jurisdiction to try an issue of fact upon the petition for removal and the assumption of the state court to pass upon the truth of the averments of such petition of itself entitles the Illinois Central to a reversal of the judgment now assailed, nevertheless the same result would follow a consideration of the case which the state court assumed to try as arising upon the record, because it is demonstrable from the opinion itself that the state court was not justified in holding that the derailment of the engine was the proximate result of the failure of the lessor to perform its public duty in its failure to construct safe roadbed.

This unwarrantable speculation is too far-fetched to justify the joinder of the Kentucky Company upon the assumption that the supposed condition of its track caused the wreck in any such fantastic way as suggested by the state court. *Neeling* v. *C., St. P. & K. R. R. Co.*, 98 Iowa, 554; *Cox* v. *C. & N. W. Ry. Co.*, 102 Iowa, 711.

If the state court had had jurisdiction to try the truth of the averments of the petition for removal it must have heard witnesses to that end. Instead of so doing the state court tried the Illinois Central's averments on jurisdiction by evi-

dence upon the merits, and as if it were trying the liability of the Kentucky Company, which had previously been dismissed. Its judgment is, therefore, reversible from any standpoint.

Defendant in error's case against the plaintiff in error is a distinct cause of action on which a separate suit might be brought and complete relief afforded without any other party in court. *Barney* v. *Latham*, 103 U. S. 205.

Permission of state practice to join defendants does not prevent a separable controversy between plaintiff and one of them. *Kelly* v. *Railroad Co.*, 122 Fed. Rep. 286, 291; *Williard* v. *Railroad Co.*, 124 Fed. Rep. 796, 801; *Yates* v. *Railroad Co.*, 137 Fed. Rep. 943; *Iowa Ry. Co.* v. *Bliss*, 144 Fed. Rep. 446; *Manufacturing Co.* v. *Brown*, 148 Fed. Rep. 308; *South Dakota Co.* v. *Railway Co.*, 141 Fed. Rep. 578, 581; *Stockton* v. *Oregon Short Line*, 170 Fed. Rep. 627, 633; *Wallin* v. *Reagan*, 171 Fed. Rep. 758, 763.

State legislation cannot control Federal jurisdiction. *Hyde* v. *Stone*, 20 How. 170, 175; *Smyth* v. *Ames*, 169 U. S. 466; *Brow* v. *Wabash*, 164 U. S. 271.

*Mr. John G. Miller*, with whom *Mr. P. B. Miller* was on the brief, for defendant in error:

Case is not removable until the record on its face shows facts which give the Federal court jurisdiction. *Ex parte Wisner*, 203 U. S. 449; *Kinney* v. *Columbia Sav. & Loan Asso.*, 191 U. S. 78.

If the case be not removed, the jurisdiction of the state court remains unaffected; and under the act of Congress the jurisdiction of the Federal court could not attach until it becomes the duty of the state court to proceed no further. *Crehore* v. *M. & O. Ry. Co.*, 131 U. S. 240; *Stone* v. *South Carolina*, 117 U. S. 430; *Carson* v. *Hyatt*, 118 U. S. 279; *Stevens* v. *Nichols*, 130 U. S. 230; *Phœnix Ins. Co.* v. *Pechner*, 95 U. S. 183; *National Steamship Co.* v. *Tugman*, 106 U. S. 118; *B. & O. R. R. Co.* v. *Koontz*, 104 U. S. 514.

The controversy must be wholly between citizens of different States in order to remove the case, and such is not the case when one or more defendants jointly sued are citizens of the same State with plaintiff. *Core* v. *Vinal*, 117 U. S. 347; *Chesapeake* v. *Ohio R. R. Co.*, 179 U. S. 131; *Powers* v. *C. & O. R. R. Co.*, 169 U. S. 92; *Alabama G. S. R. R. Co.* v. *Thompson*, 200 U. S. 206; *C., N. O. & T. P. R. R. Co.* v. *Bohon*, 200 U. S. 221.

If the act of an individual is within the terms of the law, whatever may be the reasons which govern him, or whatever may be the result, it cannot be impeached. *Doyle* v. *Continental Ins. Co.*, 94 U. S. 535; *Prewitt* v. *Mut. Life Ins. Co.*, 115 Kentucky, 26.

Plaintiff's motive in the performance of a lawful act was not open to inquiry. *C. & O. R. R. Co.* v. *Dixon*, 179 U. S. 131.

The construction given to the statute of the State by the highest tribunal of the State is regarded as part of the statute and is binding upon the courts of the United States as a text. *Leffingwell* v. *Warren*, 2 Black, 599; *Com. Bank* v. *Buckingham*, 5 How. 317; *Jackson* v. *Lamphire*, 3 Pet. 280.

When the highest judicial tribunal of a State has determined the extent of the powers and liabilities of corporations created under its laws, the decision is conclusive on the national courts in all cases in which no question of general or commercial law and no question of right under the Constitution of the United States is involved. See 92 Fed. Rep. 124; *Clayborne* v. *Brooks*, 111 U. S. 400; *Detroit* v. *Osborne*, 135 U. S. 499; *Gilman* v. *Sheboygan*, 2 Black, 510; *L. & N. R. R. Co.* v. *Kentucky*, 183 U. S. 508; *Connell* v. *Utica E. R. R. Co.*, 13 Fed. Rep. 241; *C. & O. Ry. Co.* v. *Dixon*, 179 U. S. 131; *Southern Ry. Co.* v. *Carson*, 194 U. S. 136; *Alabama G. S. R. Co.* v. *Thompson*, 200 U. S. 206; *Cin., N. O. & T. P. R. R. Co.* v. *Bohon*, 200 U. S. 221.

In case of a misjoinder, a plaintiff's motive in joining a party as defendant can be questioned only when by legislative act or judicial decision it is the settled law of the State in which

the action is brought that the defendant, alleged to be joined as a sham and a fraud, is not liable; and no such question can arise where the law of the State by judicial decision or legislative act fixes the liability of such defendant. Cases *supra*, and *Person* v. *I. C. R. R. Co.*, 118 Fed. Rep. 342.

The action for death is regulated by the Kentucky constitution and statute. Const. Ky., § 241; Ky. Stat., § 6. And the liability of a railroad corporation that leases its track is regulated by the Kentucky constitution, § 203, which forbids the shifting of that liability from the lessor to the lessee.

Independent of the constitutional provision the corporation owning the road and having received a charter from the State is under certain public duties that even a duly authorized lease will not shift or change, and the owner cannot divest itself of those public duties. *Brooker* v. *M. & B. S. R. R. Co.*, 119 Kentucky, 137; *McCabe* v. *M. & B. S. R. R. Co.*, 112 Kentucky, 861; *Swice* v. *M. & B. S. R. R. Co.*, 116 Kentucky, 253; *Howard* v. *M. & B. S. R. R. Co.*, 70 S. W. Rep. 631; *Davis* v. *C. & O. Ry. Co.*, 75 S. W. Rep. 227; *Clinger* v. *M. & B. S. R. R. Co.*, 109 S. W. Rep. 317.

While the lessor may not be liable to the servant of the lessee for an injury caused by the negligent act or omission of the lessee as to some duty growing out of the mere relationship of master and servant, the lessor is liable for an injury to any member of the public, including the servant of the lessee, who may be injured by a negligent act or omission as to a public duty, such as a failure to keep its roadbed or track, cattle guards, fences, or station houses in a reasonably safe condition. *Swice* v. *M. & B. S. Ry. Co.*, 116 Kentucky, 253; *Nugent* v. *Boston Railroad Co.*, 80 Maine, 62; *Curl* v. *Railroad*, 28 Kansas, 622; *Arrowsmith* v. *Railroad*, 57 Fed. Rep. 165; *Lee* v. *S. P. R. R. Co.*, 116 California, 97.

To sue all three of the defendants for damages resulting from the negligent acts charged in the petition of plaintiff, is allowable under the Kentucky practice, and all were jointly bound or liable. *Pugh* v. *C. & O. Ry. Co.*, 101 Kentucky,

77; *Rutherford* v. *I. C. R. R. Co.*, 27 Ky. L. R. 397; *Jones* v. *I. C. R. R. Co.*, 26 Ky. L. R. 31; *I. C. R. R. Co.* v. *Coley*, 28 Ky. L. R. 336; *Cent. Pass. Ry. Co.* v. *Kuhn*, 86 Kentucky, 578; *Hawkins* v. *Riley*, 17 B. Mon. 101; *C. & O. R. R. Co.* v. *Dixon*, 179 U. S. 131.

Under the authorities *supra*, the construction given by the Court of Appeals of Kentucky to § 119 of the Kentucky Civil Code is conclusive; and no act of the legislature or authority for the lease is set forth in the petition for removal; and that being true, the lease, if such existed, is not shown by any allegation to have been authorized by law and should, therefore, be treated as void. *Thomas* v. *West Jersey R. R. Co.*, 101 U. S. 71; *Railroad* v. *Winans*, 17 How. 30.

Petition to remove after a trial on the merits comes too late. A peremptory instruction to find for any of the defendants was "ruling on the merits and not a ruling on the question of jurisdiction." "The right to remove was not contingent on the aspect the case may have assumed on the facts developed on the merits of the issues tried." *Whitcomb* v. *Smithson*, 175 U. S. 635: *Kansas City Suburban Belt Ry.* v. *Herman*, 187 U. S. 63.

Therefore, not only does the petition of the plaintiff allege facts that would constitute a joint cause of action against all of the defendants, as held by the Court of Appeals of Kentucky, but as stated by the opinion of that court in this case, "the testimony showed without much contradiction" the truth of plaintiff's allegations as to the miserably defective and dangerous condition of this track and thus absolutely fixed the liability of both the lessee and the lessor for the death of the plaintiff's intestate which was caused thereby,— and the effort to avoid this conclusion by claiming the striking of the stray mule by the engine was the proximate cause, only makes matters worse for the corporations, because their actionable negligence in violating § 1793, Kentucky statute, as to a cattle guard at that place, caused the collision with the mule.

MR. JUSTICE HOLMES delivered the opinion of the court.

THIS is a writ of error to reverse a judgment rendered by the Court of Appeals of Kentucky in favor of the defendant in error, notwithstanding a petition and bond for removal to the Circuit Court of the United States.   *I. C. Ry. Co.* v. *Sheegog's Admr.*, 126 Kentucky, 252.

The defendant in error brought this action for causing the death of his intestate, John E. Sheegog, by the throwing off the track of a railroad train upon which the deceased was employed as an engineer.   The defendants were the conductor of the train, the Illinois Central Railroad Company, which was operating the railroad and owned the train, and the Chicago, St. Louis and New Orleans Railroad Company, which owned the road and tracks where the accident happened, but which had let the same to the first-mentioned road. It was alleged that through the negligence of both companies the roadbed, track, etc., were in an improper condition; that through the negligence of the Illinois Central the engine and cars were in an improper condition; and that the death was due to these causes acting jointly, the negligence of the Illinois Central in permitting its engine, cars and road to be operated while in such condition, and the negligence of the conductor in ordering and directing the management of the train.

In due season the Illinois Central Railroad Company, being an Illinois corporation, filed its petition to remove.   The difficulty in its way was that the other two defendants were citizens and residents of Kentucky, to which State the plaintiff also belonged.   To meet this the petition alleged that the plaintiff had joined these parties as defendants solely for the purpose of preventing the removal.   It admitted the lease and averred that the Illinois Central Company operated the road exclusively and alone employed the deceased.   It went on to allege that the charge of joint negligence against the lessor and lessee in causing the wreck as stated was made only for the above purpose and was fraudulent and knowingly false.

The question is whether these allegations were sufficient to entitle the petitioner to have its suit tried in the Federal court. It may be mentioned here that the jury found for the other two defendants and against the Illinois Central Railroad Company, but that fact has no bearing upon the case. *Whitcomb* v. *Smithson*, 175 U. S. 635, 637.

Of course, if it appears that the joinder was fraudulent as alleged, it will not be allowed to prevent the removal. *Wecker* v. *National Enameling & Stamping Co.*, 204 U. S. 176. And further, there is no doubt that the allegations of fact, so far as material, in a petition to remove, if controverted, must be tried in the court of the United States, and therefore must be taken to be true when they fall to be considered in the state courts. *Crehore* v. *Ohio & Mississippi Ry. Co.*, 131 U. S. 240, 244. *Chesapeake & Ohio Ry. Co.* v. *McCabe*, 213 U. S. 207. On the other hand, the mere epithet fraudulent in a petition does not end the matter. In the case of a tort which gives rise to a joint and several liability the plaintiff has an absolute right to elect, and to sue the tort-feasors jointly if he sees fit, no matter what his motive, and therefore an allegation that the joinder of one of the defendants was fraudulent, without other ground for the charge than that its only purpose was to prevent removal, would be bad on its face. *Alabama Great Southern Ry. Co.* v. *Thompson*, 200 U. S. 206. *Cincinnati, New Orleans & Texas Pacific Ry. Co.* v. *Bohon*, 200 U. S. 221. If the legal effect of the declaration in this case is that the Illinois Central Railroad Company was guilty of certain acts and omissions by reason of which a joint liability was imposed upon it and its lessor, the joinder could not be fraudulent in a legal sense on any ground except that the charge against the alleged immediate wrongdoer, the Illinois Central Railroad itself, was fraudulent and false.

We assume, for the purposes of what we have to say, that the allegations concerning the lessor state merely a conclusion of law from the acts and omissions charged against its lessee. Or, if they be taken to be allegations of fact, we as-

sume, again merely for the purposes of decision, that they are effectively traversed by the petition to remove. The Kentucky Court of Appeals appears to us to have discussed the case on this footing. Whether it did or not, the question whether a joint liability of lessor and lessee would arise from the acts and omissions of the Illinois Central Railroad Company alone was a question of Kentucky law for it to decide, and it appears to us to have decided it.

We should observe in the first place that the cause of action alleged is not helped but rather hindered by the allegation that the deceased was an employé of the Illinois Central Road. The case did not stand on the breach of any duty owed peculiarly to employés, and on the other hand was encumbered with the fact that a part of the negligence charged was that of a fellow-servant. The plaintiff recovered for a breach of a duty to the public which at best was not released or limited by his intestate's having been in the company's service. Now whether we agree with it or not the doctrine is familiar that in the absence of statute a railroad company cannot get rid of the liabilities attached to the exercise of its franchise, by making a lease. Whatever may be the law as to purely contract relations, to some extent at least the duties of the lessor to the public, including that part of the public that travels on the railroad, are held to remain unchanged. In this case the Court of Appeals, after noting that it does not appear that the lessor was relieved by statute, quotes an earlier Kentucky decision which seemingly adopted the following language of a commentator: "If it be true, as the decisions with substantial unanimity admit, that a lessor railway remains liable for the discharge of its duties to the public unless expressly exempted therefrom by statute, it seems difficult to conceive its absence of liability in any event, except perhaps when the plaintiff is suing upon an express contract made with him by the lessee corporation." *McCabe* v. *Maysville & Big Sandy R. R. Co.,* 112 Kentucky, 861, 875.

The court, however, then goes on to refer to a distinction

taken in a later Kentucky case between torts arising from negligent operation and those resulting from the omission of such duties as the proper construction and maintenance of the road, *Swice* v. *Maysville & Big Sandy Ry. Co.*, 116 Kentucky, 253, and quotes, with seeming approval, decisions in other States limiting the liability of the lessor to the latter class. But it then proceeds to show that the recovery in this case is upon a breach of a duty to the public, and that according to the declaration and the verdict the injury was due, in part, at least, to the defective condition of the road. It ends by saying (p. 278): "The appellee not only had reasonable grounds to believe that the resident corporation was responsible to him, but he had actual grounds to believe it." We understand the words 'actual grounds' to mean that the belief was correct on the allegations and findings according to Kentucky law. So that, whatever may be the precise line drawn by that court hereafter, it stands decided that in Kentucky the facts alleged and proved against the Illinois Central Railroad in this case made its lessor jointly liable as matter of law. This decision we are bound to respect.

It follows, if our interpretation of the decision is correct, that no allegations were necessary concerning the Chicago, St. Louis and New Orleans Railroad Company, except that it owned and had let the road to its co-defendant. The joint liability arising from the fault of the Illinois Central Road gave the plaintiff an absolute option to sue both if he preferred, and no motive could make his choice a fraud. The only way in which fraud could be made out would be by establishing that the allegation of a cause of action against the Illinois Central Railroad was fraudulent, or at least any part of it for which its lessor possibly could be held. But it seems to us that to allow that to be done on such a petition as is before us would be going too far in an effort to counteract evasions of Federal jurisdiction. We have assumed, for purposes of decision, that the railroad held on what may be called a secondary ground is to be charged, if at all, only as

a consequence of the liability of its lessee. But when we come to the principal and necessary defendant, a man is not to be prevented from trying his case before that tribunal that has sole jurisdiction if his declaration is true by a mere allegation that it is fraudulent and false. The jury alone can determine that issue unless something more appears than a naked denial. *Louisville & Nashville R. R. Co.* v. *Wangelin,* 132 U. S. 599, 603. *Chesapeake & Ohio Ry. Co.* v. *Dixon,* 179 U. S. 131, 138. However, the petition for removal hardly raises this point. For it directs itself wholly against the allegations of joint negligence, and does not attempt to anticipate the trial on the merits so far as the conduct of the Illinois Central is concerned.

*Judgment affirmed.*

MR. JUSTICE DAY, with whom concurred MR. JUSTICE HARLAN, dissenting.

In my view this decision departs from rulings recently made, and tends to disturb settled principles essential to the maintenance of jurisdiction in the Federal courts. In order to apply my views I will briefly restate the facts of the case.

Sheegog's administrator brought an action in the state court of Kentucky against the Illinois Central Railroad Company, a corporation of the State of Illinois, the Chicago, St. Louis and New Orleans Railroad Company, a corporation of the State of Kentucky, and F. J. Durbin, a citizen of Kentucky. The Illinois Central Railroad Company was the lessee of the Chicago, St. Louis and New Orleans Railroad Company, and F. J. Durbin was alleged to be a conductor in the employ of the lessee road and in charge of the train, in the operation of which, as engineer, plaintiff's intestate was killed. The charge of the complaint was that at the time of injury the defendant, the Chicago, St. Louis and New Orleans Railroad Company, was the owner of the roadbed, right of way, etc., and the Illinois Central Railroad Company was the lessee of

the railroad property, and the owners of the cars, engines, trains and appliances, in the operation of which the intestate was killed; that the defendant Durbin was the conductor in the employ of the Illinois Central Railroad Company, operating the train at the time of the injury. The negligence charged against the defendant railroad companies was that the road-bed, rails, track, cattle guards, ties, fences and right of way of the railroad was allowed to be, and for a long time had been, in a weak, rotten, ruinous and defective condition; and, in addition thereto, as to the Illinois Central Railroad Company, its cars and engines were knowingly allowed to be and remain in an improper, defective and dangerous condition, and were improperly constructed, whereby the injury was caused, and that the defendant Durbin was guilty of negligence in running, ordering and directing the train, and contributed to the injury thereby. And as a conclusion the plaintiff charged the negligence of the railroad companies, as above described, in the maintenance of the track, roadbed, cattle guards, etc., together with the negligence of the Illinois Central Railroad Company in directing and permitting its cars, engines and road to be operated while in a dangerous and defective condition, and the negligence of the conductor in directing the running and management of the train, "all together jointly caused said wreck, and killed the plaintiff's intestate."

Within the time allowed by law the Illinois Central Railroad Company, the present plaintiff in error, appeared and filed its petition for removal to the Federal court. As the sufficiency of this petition to make a cause for removal is the ultimate question in the case it is necessary to set out its allegations somewhat in detail:

"Your petitioner says that plaintiff's decedent at the time he received the fatal injury complained of was an employé of your petitioner, and not an employé of either of your petitioner's co-defendants, and was not and never had been an employé or in the employ of said lessor, or said F. J. Durbin,

and that all the said facts were well known to plaintiff when this action was brought. Your petitioner says that to avoid such removal to the Federal court of this action plaintiff joined your petitioner's co-defendants, one a Kentucky corporation and the other a citizen of Kentucky, and falsely and fraudulently alleged in its petition that the train on which decedent was engaged was, through joint and gross negligence and carelessness of all the defendants, derailed, and said decedent instantly killed, and falsely and fraudulently alleged that by the negligence of both defendants' roadbed, rails, track, cattle guards, fences and right-of-way of the said railroad was allowed to be, and for a long time had been, in a weak, rotten, ruinous, defective and improper condition, and by the negligence of your petitioner its engine and cars were knowingly allowed to remain in an improper and defective and dangerous condition, and said engine and cars to be so constructed as to be in a dangerous condition, and that this improper and dangerous condition of the road premises and cars of the defendants was known to the defendants, and that at the time of the wreck and accident the same were being operated in a careless manner by all the defendants, and the defendant Durbin, by his negligence in running, ordering and directing said train contributed to cause said accident, and that the negligence of the defendant in its maintenance of its track, roadbed, engine, cattle guards, rails, ties, fences, etc., as set out above, together with the negligence of your petitioner in directing and permitting its engine cars and roadbed to be operated while in a defective and dangerous condition, and the negligence of said Durbin in ordering and directing the running and management of said train, and in failing to give proper directions, altogether caused said wreck, and killed said decedent, when the plaintiff well knew that such allegations were untrue, and plaintiff did not expect to establish said allegations, and did not make them for the purpose of proving them at the trial, or of substantiating his cause of action therewith, but made them solely for the pur-

pose of attempting to set up a joint cause of action against the three defendants in order to make a case which would not be removable to the Federal court."

The state court overruled this motion to remove, and its action was affirmed by the Court of Appeals of Kentucky. *I. C. Ry. Co.* v. *Sheegog's Admr.*, 126 Kentucky, 252.

In the court below a peremptory instruction was given the jury to find in favor of the Kentucky corporation and the individual defendant. Notwithstanding this fact the Court of Appeals of Kentucky applied a rule which it had laid down in former decisions, and held that the facts developed on the trial had shown that the administrator had reasonable grounds to join the local defendants, and was therefore justified in overruling the motion to remove. In other words, while the opinion seems to recognize that if the allegations of the petition for removal were true a fraudulent joinder was shown, nevertheless the proof upon the merits showed that the joinder was proper.

The ground upon which the Kentucky Court of Appeals held the Kentucky railroad jointly liable with the Illinois Central for the injuries sustained is not very clear, in view of the fact that the opinion in some parts of it seems to make the liability depend upon the failure to construct a proper road and in other parts seems to rest the responsibility upon the continuing duty of the lessor railroad company to furnish and maintain a safe roadbed in order to discharge the duties which it had undertaken by accepting the franchise which the State had conferred upon it. In the case to which the court makes reference, *Nugent* v. *Boston, C. & M. R. Co.*, 80 Maine, 62, where a brakeman was injured by reason of the negligent construction of an awning of a station house of the defendant company, near the track, the liability of the lessor company was rested both upon the ground of the continuing duty to the public and because of the application of the principle which makes a lessor liable for a defective construction of the subject-matter of the lease. In either view it is perfectly

apparent that the liability of the Illinois Central to its employés, and that of the lessor company to the public, rests upon entirely different principles. In the case of the latter the liability is because of the duty which, it is held, the lessor owes to the public; and in the former, because of the obligations of the employer to his employé arising from the relation of master and servant. In this connection the Court of Appeals of Kentucky, 126 Kentucky, in the opinion in this case, said (p. 275):

"In all cases where a valid lease is found (or, as in this discussion where it is assumed), the lessor company owes no duty whatsoever as an employer to the operatives of the lessee company. The claim of relationship of employer and employé under such circumstances is a false claim and quantity. It does not exist. The responsibility of the lessor company, when it attaches, does not spring from this relationship, but arises from a failure of the lessor company to perform its duty to the public, of which public the employé of the operating company may be regarded as one. Thus, in those cases where the injury has resulted to an employé of the operating company by reason of the negligence of a fellow servant, or of want of care of the lessee company in managing the road, or in negligence in furnishing suitable appliances, these and kindred matters being entirely and exclusively within the control of the lessee company for injury which may result, the lessor is in no way responsible. But where injury has resulted to an employé of the operating company by reason of a failure of the lessor to perform its public duty, as in the failure to construct a safe road, as is here charged, the injured employé may sue the lessor company, as one of the public, for its failure to perform that duty, and not because, between himself and the lessor company, the relation of employé and employer, or any relation of contractual privity, exists."

After citing the case from 80 Maine, *supra,* the court adds (p. 277):

"This case is very similar to the one at bar, in which it was

alleged and proved that the intestate's death was the proximate result of the failure of the lessor to perform its public duty in its failure to construct a safe roadbed."

It is apparent that the liability of the two railroad companies, although both might be liable for a defective roadbed, track, etc., sprang from a different relation, and was controlled by different principles. The liability to the plaintiff's intestate, of the Kentucky corporation, was to him as one of the public, that of the Illinois corporation arose from the relation of master and servant, and the duties thereby imposed upon the employer.

But let it be conceded that a proper construction of the opinion of the Kentucky Court of Appeals holds both the railroad companies, although upon different relations to the plaintiff's intestate, liable for a defective roadbed, it is none the less true that the Illinois Central Railroad Company had a right of removal to the Federal jurisdiction, in which to test its liability, unless it was properly joined with the other defendants in an action brought in good faith in the state court.

It is the result of the decisions of this court, as I understand them, that if the facts which asserted a joint liability with the local defendant are shown by proper petition for removal, and proof if necessary, to have been made for the purpose of defeating the jurisdiction of the Federal court, the right of removal still exists in favor of the non-resident company. This court has had occasion to consider this subject in a number of recent cases. Before taking them up we may state certain principles applicable to the law of removals under the removal act which are so well settled as scarcely to need the citation of authorities.

When the petition for removal is filed in the state court, accompanied by the proper bond, a question of law as to the sufficiency of the petition for removal only is presented to that court. *Steamship Co.* v. *Tugman*, 106 U. S. 118; *Stone* v. *South Carolina*, 117 U. S. 430; *Carson* v. *Hyatt*, 118 U. S.

279; *Burlington, Cedar Rapids & Northern R. R. Co.* v. *Dunn,* 122 U. S. 513; *Crehore* v. *Ohio & Mississippi Ry. Co.,* 131 U. S. 240; *Traction Company* v. *Mining Co.,* 196 U. S. 239.

It is equally well settled, and is a result of the principle just stated, that where the right of removal arises because of certain facts averred in the petition, that issue cannot be tried in the state court, but must be heard in the Federal court, which alone has jurisdiction to determine such issues of fact. *Carson* v. *Dunham,* 121 U. S. 421; *Burlington, Cedar Rapids & Northern R. R. Co.* v. *Dunn,* 122 U. S. 513; *Crehore* v. *Ohio & Miss. Ry. Co.,* 131 U. S. 240; *Kansas City Railroad* v. *Daughtry,* 138 U. S. 298; *Traction Company* v. *Mining Co.,* 196 U. S. 239.

In recent cases in this court the former adjudications have been reviewed and followed, and it has been held that for the purposes of removal the cause of action must be regarded as joint or several, accordingly as the plaintiff has averred the same to be in his complaint, in the absence of inferences arising from the pleading or shown extrinsically upon a petition for removal, which warrant the conclusion that a fraudulent joinder has been made for the purpose of avoiding the jurisdiction of the Federal court. *Chesapeake & Ohio Ry. Co.* v. *Dixon,* 179 U. S. 131; *Alabama Great Southern Ry. Co.* v. *Thompson,* 200 U. S. 206; *Cincinnati, New Orleans & Texas Pacific Ry. Co.* v. *Bohon,* 200 U. S. 221. In the *Alabama Great Southern Ry. Case,* 200 U. S. 206, certain employés, citizens of Tennessee, had been joined with the Alabama and Great Southern Railroad Company in an action for negligence, and the question of the right to join them was certified to this court, and it was held, after reviewing the former cases, that, in the absence of fraudulent joinder, the cause of action might be regarded for the purposes of removal to be that which the plaintiff had averred it to be.

In the *Bohon Case,* 200 U. S. 221, considered with the *Alabama Great Southern case, supra,* the action was brought against the railroad company and one Milligan, an engineer

in charge of an engine, the negligent operation of which, it was alleged, resulted in the death of the plaintiff's intestate. It appeared that the joinder was permitted by the laws of Kentucky, and it was held in this court that, in the absence of a showing of fraudulent joinder, the case was not a removable one. An examination of the petition for removal in that case shows that while there were allegations that the joinder was fraudulent, that conclusion was averred to arise because there was no joint liability of the railroad company and the employé; that he was joined because he was a resident of Kentucky for the purpose of preventing removal. But there is no averment in the petition for removal in the *Bohon case* as there is in this case—that the allegations of fact upon which the complaint was based were untrue, made without any expectation of proving them, and for the purpose of defeating a removal to the Federal court. In concluding the discussion in the opinion in the *Bohon case* it was said (p. 226):

"A State has an unquestionable right by its constitution and laws to regulate actions for negligence, and where it has provided that the plaintiff in such cases may proceed jointly and severally against those liable for the injury, and the plaintiff in due course of law and in good faith has filed a petition electing to sue for a joint recovery given by the laws of the State, we know of nothing in the Federal removal statute which will convert such action into a separable controversy for the purpose of removal, because of the presence of a nonresident defendant therein properly joined in the action under the constitution and laws of the State wherein it is conducting its operations and is duly served with process."

In *Wecker* v. *Enameling & Stamping Company*, 204 U. S. 176, suit was brought in the state court in Missouri by Wecker against the Enameling and Stamping Company, Harry Schenck and George Wettengel. Wettengel was a citizen of the State of Missouri, the enameling company was a foreign corporation. The complainant charged that the plaintiff was employed by the company in working about certain pots

used in the melting of grease and lubricant matter, which matter was delivered to the plaintiff in barrels of great weight, and which it was the plaintiff's duty to hoist to the top of the furnace and into the pots for melting. The negligence charged against the corporation consisted in allowing the pots to remain open and exposed while filled with hot and boiling lubricants, without covering, railing or device or means of any character to protect the plaintiff from slipping or falling therein, and negligently failing to provide safe and sufficient hoisting apparatus for the use of the plaintiff in his employment, and failing to instruct him in his duties, whereby and because of the negligence charged the plaintiff lost his balance and fell into one of the unguarded and open pots, receiving thereby great and painful injuries. Wettengel, it was charged, was employed by the corporation, and charged with the superintendence and oversight of the plaintiff in the performance of his duties, and with the duty of superintending and planning the construction of the furnace, and providing for the pots a reasonably safe and suitable covering, and sufficiently safe hoisting apparatus, and with the duty of instructing the plaintiff as to the manner of performing his duties. The complaint charges the negligence of Wettengel in planning and directing the construction of the furnace structure and in providing suitable coverings and railings, and in providing and placing reasonably safe and sufficient hoisting apparatus, and in giving instructions as to the manner of performing the plaintiff's duties, and therefore charges that the negligence of the corporation and Wettengel, jointly, caused the injury, and prayed for a joint judgment against them.

In its petition for removal the non-resident corporation charged that Wettengel was not, at the time of the accident and prior thereto, charged with the superintendence and oversight of the plaintiff, or with the duties of planning or directing the construction of the furnace, or providing a reasonably safe and suitable furnace and pots and railings or other device to protect the plaintiff, and was not charged

with the duty of placing reasonably safe and sufficient hoisting apparatus, nor with the duty of instructing the plaintiff in respect to his duties; that Schenck was a non-resident of Missouri, and that Wettengel had been improperly and fraudulently joined as a defendant for the purpose of fraudulently and improperly preventing, or attempting to prevent, the defendant from removing the cause to the United States Circuit Court, and that plaintiff well knew at the beginning of the suit that Wettengel was not charged with the duties aforesaid, and joined him as a defendant to prevent the removal of the case, and not in good faith. Defendant offered affidavits tending to show that Wettengel was employed in the office as a draftsman; that he had nothing to do with the selecting of plans or approving the same; that he had no authority to superintend the work or to give instructions to any of the men as to the manner in which they should perform the work; that he was merely a subordinate in the employ of the company, whose sole duties were to attend to the mechanical work of drafting, to make the necessary drawings for the use of the mechanics, and he had nothing to do with the providing of the pots, railings, etc., or the hoisting apparatus; that his position was merely clerical, and confined to the making of drawings to enable mechanics to construct work from plans furnished by others in the employ of the defendant. Upon these affidavits the Circuit Court reached the conclusion that the attempt to join Wettengel was not made in good faith; that the allegations as to him were fraudulent and fictitious, for the purpose of preventing a removal to the Federal court.

This court declined to consider the question as to whether, as a matter of law, the cause of action was joint or several, or whether, upon the allegations of the complaint, Wettengel could be held jointly with the corporation, (204 U. S. 183), and affirmed the judgment of the court below upon its findings of fact upon the issue of fraudulent joinder.

This case, therefore, held the doctrine of this court to be

that the Circuit Court of the United States upon a proper petition for removal may examine into the merits sufficiently to determine whether the allegations, by reason of which a non-resident defendant may be sued in a state court, are fraudulently and fictitiously made for the purpose of preventing removal. It is true that where one has a cause of action of which both state and Federal courts have jurisdiction his motive in bringing the action in the one jurisdiction or the other is immaterial, and he may sue in the state court because he preferred that jurisdiction to a Federal court to which he had an equal right to go.

But this case presents a very different question. The inquiry here is not whether a cause of action exists which may be prosecuted in either court, but whether the allegations of the complaint, which give the right to a joint action in the state court, are falsely and fictitiously made without the intention of proving them, and with the sole purpose of avoiding Federal jurisdiction. Since its decision the case of *Wecker* v. *The Enameling & Stamping Company* has been frequently cited and followed in the Federal courts. *McGuire* v. *Great Northern Ry. Co.*, 153 Fed. Rep. 434; *Donovan* v. *Wells, Fargo & Co.*, 169 Fed. Rep. 363; *Lockard* v. *St. Louis & S. F. R. Co.*, 167 Fed. Rep. 675; *People's U. S. Bank* v. *Goodwin*, 160 Fed. Rep. 727; *McAlister* v. *Chesapeake & Ohio Ry. Co.*, 157 Fed. Rep. 740.

Applying these principles to the case at bar, the allegations of the complaint filed in the state court undertook to make a cause of action against the Illinois Central Company, the non-resident corporation, upon three grounds: First, because it was jointly liable with the Chicago, St. Louis and New Orleans Railroad Company, the local corporation, for a defective roadbed; second, because it was liable for the negligent conduct of the conductor, Durbin, in running its trains; third, because it was liable for the negligent and improper construction of its locomotive and cars. As to the third ground of the complaint, the defective locomotive and

cars, the authorities agree that there is no responsibility upon the part of the lessor company. The policy of the law as ruled by the Kentucky Court of Appeals made the lessor corporation responsible for a defective roadbed, it was not responsible for defective appliances supplied by the lessee company or for negligence in the running and management of the road. This was expressly held by the Kentucky Court of Appeals in *Swice's Administratrix* v. *Maysville & Big Sandy Ry. Co.*, 116 Kentucky, 253, prior to its decision in the case at bar. Therefore, as to this ground of complaint there was no contributing neglect of the local company or the conductor, Durbin.

If the allegations which gave a right to join these defendants were false and fictitious, such joinder should not be allowed to defeat the right of the foreign corporation to avail itself of the Federal jurisdiction. As we had occasion to say in the *Wecker case*, the courts of the United States should not interfere with the jurisdiction of the state courts in cases properly within the same, and the Federal courts should be equally vigilant to defeat all fraudulent devices or attempts to avoid the jurisdiction of the Federal courts. If the allegations of the petition for removal were true the statements of the complaint as to the negligence of Durbin and the local corporation were false and fraudulent, and made without the intention of proving the same, and for the purpose of preventing removal.

The sole jurisdiction to inquire into the truth of these allegations was in the Federal court, and while it would require a clear and strong case to make out such allegations of fraudulent joinder, jurisdiction to make just such an inquiry is vested by law, under the removal act, in the Federal courts. It may be that the allegations for removal might have been more specific, but they were sufficient to enable the Federal court to enter into an inquiry as to the fraudulent character of the joinder of the resident defendants. It might find, upon investigation, that the allegations as to the condition

of the roadbed and the negligence of the conductor were so entirely without foundation as to warrant the conclusion that the local corporation and the conductor were fraudulently joined to avoid the Federal jurisdiction. Indeed, it is to be noted in this connection that at the close of the evidence the trial court directed a verdict in favor of the local corporation and the conductor. It is true that the right to remove depends upon the allegations of the petition, but the course of the case in the state court is an illustration of the possible result of an investigation of the truth of the allegations of the petition for removal.

I therefore reach the conclusion that, upon the face of the petition for removal, there were allegations which ended the jurisdiction of the state court, and a sufficient statement of facts to enable the Federal court to investigate the truthfulness thereof with a view to determine whether they were so false and fictitious as to show that they were made with a view to prevent the removal to the United States court.

In my opinion the judgment of the Court of Appeals of Kentucky should be reversed.

MR. JUSTICE HARLAN concurs in this dissent.