**NORWALK v. AIR–WAY ELECTRIC AP-PLIANCE CORPORATION et al.**

No. 128.

Circuit Court of Appeals, Second Circuit.

Jan. 4, 1937.

Goodman & Friedman, of New York City (Seymour Joseph, of New York City, of counsel), for appellant.

Wright, Gordon Zachry & Parlin, of New York City (Paul W. Williams and Joseph V. Heffernan, both of New York City, of counsel), for appellee Air-Way Electric Appliance Corporation, appearing specially.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellant sued in the State Supreme Court, County of New York, as administratrix of Abraham Norwalk, to recover damages for loss of his life caused by the alleged negligence of all the defendants named. In her complaint she alleged that the intestate was struck by an automobile while crossing at the intersection of two public highways, as a result of which he received injuries from which he died. It is alleged that the automobile was driven by the appellee Anthony Medio "with the knowledge, consent and approval of the defendants" and that the said Medio was at the time "in the course of his employment as agent, servant or employee of the defendants" and that the automobile was "operated and controlled by the defendants, their servants, agents and employees" and that the death was caused "by the negligence of the defendants, their servants, agents and employees." Both appellees Medio and Smith are residents of the State of New York, as is the appellant. The appellee Air-Way Electric Appliance Corporation, a Delaware corporation joined as a defendant, is charged with the ownership of the automobile at the time of the accident and with the negligence of its agent, Medio.

Appellee Smith and defendant Averill were distributing agents of this corporation with offices in New York. The affidavits show Medio was directly employed by Averill. Process was served on Medio and on Smith; the latter service was claimed to be a process against the corporation, presumably because Smith was the agent of the corporation. The appellee corporation appeared specially to contest the jurisdiction of the state court and to petition the removal of the cause into the court below. Judicial Code, § 28, amended (28 U.S.C.A. § 71). The basis for this removal is the claim of the existence of a separable controversy. After removal, the appellant moved below to remand the action to the state court which motion was denied.

No diversity jurisdiction exists where the plaintiff is a citizen of the same state as any defendant. Strawbridge v. Curtiss, 3 Cranch, 267, 2 L.Ed. 435. But there is an exception to that doctrine where a separable controversy is disclosed in the pleadings and then section 28 of the Judicial Code authorizes removal of the suit from the state court. Appellant elect-

ed to sue the defendants jointly, charging the appellee corporation with the negligence of its alleged agent. Whether it could do so and whether a separable controversy exists for the purpose of removal is determined by the state law. Cincinnati, N. O. & Texas Pac. Ry. Co. v. Bohon, 200 U.S. 221, 26 S.Ct. 166, 50 L.Ed. 448, 4 Ann.Cas. 1152; Chicago & Alton Ry. Co. v. McWhirt, 243 U.S. 422, 37 S. Ct. 392, 61 L.Ed. 826; Chicago, Rock Island & Pac. Ry. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090.

■ If, under the state law, a joint cause of action exists, the appellant's statement of her case fixes the nature of the action and determines the right of removal. Cincinnati, N. O. & Texas Pac. Ry. Co. v. Bohon, supra; Huffman v. Baldwin (C. C.A.8) 82 F.(2d) 5. Having elected to sue the appellees jontly, the nonresident appellee cannot say that the action shall be several nor is it a ground for removal that under the state law the appellees might have been separately sued. Illinois Central Ry. Co. v. Sheegog, 215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208; Chicago, B. & Q. Ry. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521. If the state law permits the assertion of a joint liability, there is "an absolute right to enforce it" whatever the reason motivating the assertion of the right. Chicago, Rock Island & Pac. Ry. Co. v. Schwyhart, 227 U.S. 184, 193, 33 S. Ct. 250, 57 L.Ed. 473.

■ A joint liability exists under the law of the State of New York, in the sense that the master and servant may be jointly sued. This was true at common law. Wright v. Wilcox, 19 Wend.(N.Y.) 343, 32 Am.Dec. 507; Fort v. Whipple, 11 Hun. (N.Y.) 586; Phelps v. Wait, 30 N.Y. 78. And it is the practice under code procedure. See Pangburn v. Buick Motor Co., 211 N.Y. 228, 105 N.E. 423; Fedden v. Brooklyn E. D. Terminal, 204 App.Div. 741, 199 N.Y.S. 9. Though master and servant may not be joint tort-feasors in the sense that their liability is mutually independent, since the liability of the master is derived from and is dependent upon the liability of the servant (Frascone v. Louderback, 153 App.Div. 199, 138 N.Y. S. 370; Pangburn v. Buick Motor Co., supra), a joint action will nevertheless lie against both. The identification of their liability justifies their joint suability. It may be admitted, for the purpose of this decision, that, while state law determines joint suability and accordingly the right of removal, this rule will not bear uniform application in all the instances of statutory permission of joint actions (e. g., Manufacturers' Commercial Co. v. Brown Alaska Co. [C.C.N.Y.] 148 F. 308), and that its application will be determined consistently with section 28 of the Judicial Code (28 U.S.C.A. § 71). It is sufficient here that joint liability existed at common law and that it is settled that a joint action against master and servant, barring fraudulent joinder, is not removable under these circumstances into the federal court. Alabama Great So. Ry. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Cincinnati, N. O. & Texas Pac. Ry. Co. v. Bohon, supra.

■ Appellees contend that removal is prevented only where a master and servant are charged with concurrent negligence. The rule is settled otherwise. In Alabama Great So. Ry. Co. v. Thompson, supra, and Cincinnati, N. O. & Texas Pac. Ry. Co. v. Bohon, supra, the master was alleged to be liable on the doctrine of respondeat superior. It is immaterial that the liability of the master and that of the servant proceed on different grounds; even more distinct were the bases of liability of the lessee and lessor railroad companies in Chicago, B. & Q. Ry. Co. v. Willard, supra, where the lessor was held on its obligation to the public of which it could not be relieved by virtue of a lease. To the extent that Genuine Panama Hat Works, Inc., v. Webb (D.C.N.Y.) 36 F.(2d) 265, may be said to hold that a joint action against master and servant is removable, it is contrary to the above authoritative decisions and may not be followed. Nothing in Hay v. May Department Stores Co., 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965, supports the claim that the rule of nonremovability is limited to instances of concurrent negligence.

■ Appellee corporation denied the agency of Medio, disclaiming any responsibility for his negligent acts, and it contends that an issue is thus created which gives rise to a separable controversy determinable in the federal court. But the right of removal is governed by the pleadings, (Alabama Great So. Ry. Co. v. Thompson, supra), and by the appellant's statement of her cause of action, Lake v. Texas News Co. (D.C.Tex.) 51 F.(2d) 862. A separable controversy removable from the

**320**

state court cannot be created by a mere denial of the appellant's allegation of agency. Alabama Great So. Ry. Co. v. Thompson, supra; Huffman v. Baldwin, supra; Kraus v. Chicago, B. & Q. Ry. Co. (C.C.A. 8) 16 F.(2d) 79; but see, Morris v. E. I. Du Pont De Nemours & Co. (C.C.A.8) 68 F.(2d) 788, 792. In the Thompson Case, it was held that the mere fact that a joint cause of action does not actually exist does not convert an alleged joint cause of action into a separable controversy for purposes of removal.

■■■■■■ The absence of an agency relationship has bearing if at all, on the question of fraudulent joinder. In the absence of actual fraud (Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L. Ed. 144), which may be imputed (Wecker v. Nat. Enameling & Stamping Co., 204 U.S. 176, 185, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757), there is no federal jurisdiction if a joint cause of action is stated and the complaint by any reasonable construction shows that the joinder was properly made. The proof of fraud must be clear and convincing. Davis v. Standard Oil Co. of Ind. (C.C.A.8) 47 F.(2d) 48. If a joint cause of action is stated, the motive for joinder is immaterial (Chicago, B. & Q. Ry. Co. v. Willard, supra), even if it is to prevent the removal and oust the federal court from jurisdiction (Illinois Central Ry. Co. v. Sheegog, supra).

■■■■■■ By the state law, the appellant was permitted to sue jointly, and we cannot impute fraud from the fact that a permissible state procedure has been followed (Chicago, B. & Q. Ry. Co. v. Willard, supra; Kraus v. Chicago, B. & Q. Ry. Co., supra), regardless of the motive. The appellant does not seek to oust the federal court by introducing nominal defendants (Salem Trust Co. v. Manufacturers' Finance Co. [C.C.A.1] 280 F. 803) or by disguising separable controversies as joint. Beyond the mere denial of Medio's agency, there is no attempt to establish a fraudulent joinder of Medio and the corporation. The joinder was permissible under the state law. The service of process on Smith was presumably intended as a service on the corporation; and his joinder as defendant does not affect the question of removal.

■■■■■ It thus appears that there was no ground for removal and the District Court was without jurisdiction. Chicago, B. & Q. Ry. Co. v. Willard, supra. The motion to remand should have prevailed. In view of these conclusions, it becomes unnecessary to consider the order to vacate and quash the service of the summons upon the appellee corporation except to say that that order must be reversed.

The order denying the motion to remand is reversed, and the District Court directed to remand the cause to the state court.

Orders reversed.