## DE STEFANO v. GREGG et al.

District Court, S. D. New York.

May 19, 1938.

Samuel R. Rosen, of Poughkeepsie, N. Y., for plaintiff.

Robinson, Hennessy & Weitzer, of New York City, for defendants Erie Freight Lines, Inc., and William Gregg.

188

LEIBELL, District Judge.

Plaintiff's motion to remand this action to the New York Supreme Court, Dutchess County, is granted.

The action was removed to this Court from the State Court, pursuant to a petition of one of the defendants, Erie Freight Lines, Inc., filed with the Clerk of Dutchess County on April 18, 1938. The petition alleged that the plaintiff administrator and the decedent were both residents of the City of Poughkeepsie, Dutchess County, State of New York, and that the defendant, Erie Freight Lines, Inc., is a corporation incorporated under the laws of the State of Indiana, having a principal place of business in Cleveland, Ohio, and is a non-resident of the State of New York.

The basis of the present application to remand is that one of the defendants, Leslie C. Roe, is a resident of the City of Poughkeepsie, Dutchess County, State of New York, and that there is not complete diversity of citizenship between the plaintiff and the defendants and that the complaint does not state a separable controversy. There are six defendants named in the summons. According to the complaint herein, William Gregg, one of the defendants, was the owner of a certain White motor truck; the defendant, J. Scaglione, was the owner of a certain Fruehauf semi-trailer; the White truck and its Fruehauf semi-trailer were operated, managed and controlled by the defendant, Erie Freight Lines, Inc. At the time of the accident alleged in the complaint, the White truck and its Fruehauf trailer were being operated on a public highway along the Albany Post Road in Putnam County, New York, in a southerly direction by two other defendants, Stanley Debro and/or Jerome Leonard. Either Debro or Leonard was driving the White truck to which the Fruehauf trailer was attached. The sixth defendant, Leslie C. Roe, at the time of the accident, was operating a Buick sedan in a northerly direction on said highway and plaintiff's decedent, Ralph DeStefano, was operating a Hupmobile sedan upon said highway.

Paragraph "8" of the complaint reads as follows: "8. On information and belief that on or about the 31st day of January, 1938 at about 2:15 a. m. while the White truck and Fruehauf trailer of the defendants William Gregg, J. Scaglione and Erie Freight Lines, Inc. was being operated by the defendants Stanley Debro and/or Jerome Leonard in a southerly direction over and along the Albany Post Road in Putnam County, New York, and while the defendant Leslie C. Roe was operating and driving his said Buick sedan northerly along said highway, the defendants, Stanley Debro and/or Jerome Leonard and Leslie C. Roe, so carelessly, recklessly and negligently operated, managed and controlled their said vehicles that they were caused to run into and collide with each other and as a result of said collision the White truck and Fruehauf semi-trailer struck the Hupmobile sedan which the decedent Ralph DeStefano, was lawfully operating in a northerly direction over and along said highway causing the said Ralph DeStefano to be severely injured, and which injuries resulted in his death."

In my opinion the complaint charges that it was the concurrent negligence of Debro or Leonard on the one hand operating the White truck with the Fruehauf trailer and of Leslie C. Roe on the other hand operating his Buick sedan that caused those two vehicles to collide, as a result of which the White truck with the Fruehauf semi-trailer struck the Hupmobile sedan of the decedent, Ralph DeStefano, causing him injuries from which he died.

In my opinion the complaint does not allege any separable controversy as against the defendant, Erie Freight Lines, Inc.

The following quotation from Hay v. May Department Stores Co., 271 U.S. 318, page 321, 46 S.Ct. 498, page 499, 70 L.Ed. 965, is directly in point: "It is well settled by the decisions of this court, that an action brought in a State court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a Federal court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one of the defendants was fraudulently joined for the purpose of preventing the removal. Louisville & Nashville Railroad v. Wangelin, 132 U.S. 599, 601, 10 S.Ct. 203, 33 L.Ed. 473; Powers v. Chesapeake & Ohio Railway Co., 169 U.S. 92, 97, 18 S.Ct. 264, 42 L.Ed. 673; Alabama South-

ern Railway v. Thompson, 200 U.S. 206, 214, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Chicago, R. I. & P. Railway Co. v. Dowell, 229 U.S. 102, 111, 33 S.Ct. 684, 57 L.Ed. 1090; McAllister v. Chesapeake & Ohio Railway Co., 243 U.S. 302, 310, 37 S. Ct. 274, 61 L.Ed. 735; Chicago & Alton Railroad Co. v. McWhirt, 243 U.S. 422, 425, 37 S.Ct. 392, 61 L.Ed. 826." See, also, Norwalk v. Air-Way Electric Appliance Corp., 2 Cir., 87 F.2d 317, 319, 110 A.L.R. 183.

On this motion the defendant, Erie Freight Lines, Inc., contends that the defendant, Leslie C. Roe, was not served with the summons in this action until after the action had been removed to the Federal court. That does not seem to be material since he was named in the summons and complaint served on the Erie Freight Lines, Inc. The plaintiff's attorney submits, however, an affidavit of George Buschbaum, sworn to April 7th, 1938, in which he states that he served the summons and complaint in this action on Leslie C. Roe in Poughkeepsie, New York, on April 6, 1938.

Defendant, Erie Freight Lines, Inc., also argues that because of local conditions it would be unable to obtain a fair trial of the action in Dutchess county. There are no facts submitted in the affidavits to support any such contention. Nor is there anything to show that the defendant, Leslie C. Roe, was fraudulently joined as a party defendant in an effort to deprive this court of jurisdiction; in fact his joinder is to be expected. The defendant Roe is not a nominal party defendant. The allegations in the eighth paragraph of the complaint charge him with concurrent negligence in causing the accident that resulted in the death of plaintiff's decedent. "If a joint cause of action is stated, the motive for joinder is immaterial (Chicago, B. & Q. Ry. Co. v. Willard, supra [220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521]), even if it is to prevent the removal and oust the Federal court from jurisdiction (Illinois Central Ry. Co. v. Sheegog, supra [215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208])." Norwalk v. Air-Way Electric Appliance Corporation, 2 Cir., 87 F.2d 317, 320, 110 A.L.R. 183.

I am therefore of the opinion that the motion to remand this case to the New York Supreme Court, Dutchess County, should be granted.

Submit order on notice.