**PRESCOTT v. RICHARDS et al.**

**Civil Action No. 3048.**

District Court, D. Massachusetts.

Dec. 1, 1944.

Arthur S. Scipione, of Newtonville, Mass., and Charles J. Dunn, of Boston, Mass., for plaintiff.

Arthur V. Sullivan and S. P. Sears, both of Boston, Mass., for defendant Richards.

M. T. Prendergast, of Boston, Mass., for defendants H. Fox, Inc., Herbert Fox, and Harrison Motor Freight, Inc.

SWEENEY, District Judge.

In recently considering and denying a motion to consolidate this case for trial with Civil Action No. 2859, this Court took notice of the jurisdictional issue which was not directly raised in that motion. Having expressed doubt as to the jurisdiction of this Court to entertain this case, the Court now on its own motion decides the question.

The plaintiff, a citizen of Massachusetts, brought suit in the Superior Court of Middlesex County against the defendant Richards, who is also a citizen of Massachusetts, and three other defendants, who were all citizens of the State of New Jersey. The plaintiff's declaration discloses that her action is brought to recover for injuries resulting from the collision of three automobiles, one owned by the plaintiff, one by the defendant Richards, and the other by the other defendants. The declaration is in two counts, the first for personal injuries and the second for property damage. In the first count the plaintiff alleges that:

"The defendants, their agents or servants so operated motor vehicles in such a negligent manner that the said motor vehicles collided with the said motor vehicle of the plaintiff."

In the second count there is the further allegation that:

"By reason of negligence of the defendants, their servants or agents in then and there operating motor vehicles, said motor vehicles collided with said motor vehicle owned by the plaintiff."

The defendant Richards entered a general denial in the Superior Court of Middlesex County on September 9, 1944. On the same day counsel for the non-resident defendants notified the plaintiff's counsel that a petition for removal of the cause to this Court would be filed. This was done on September 15, 1944, and the action, at least as to the three non-resident defendants, was removed to this Court by order of the Superior Court Judge.

It is not clear from the record whether the entire suit was removed or only such portion of it as relates to the non-resident defendants. Counsel for the plaintiff has treated the entire suit as having been re-

moved since the motion to consolidate included the proceedings against Richards. Counsel for the defendant Richards contends that the action as to Richards was never removed to this Court. In addition, it is maintained that the action as to the non-resident defendants was improperly removed, there being no basis for such removal.

The applicable statute is 28 U.S.C.A. § 71 (Judicial Code, Sec. 28, amended), which provides in part as follows:

"and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit * * *."

The controversy referred to in this provision has been judicially interpreted as meaning a "separable" controversy. When a separable controversy is disclosed by the pleadings in a suit pending in the state court, provided such controversy is within the original jurisdiction of this Court, then Sec. 28 of the Judicial Code authorizes its removal. This is an exception to the doctrine of Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435, that no diversity jurisdiction exists where the plaintiff is a citizen of the same state as any defendant. Although one of the defendants and the plaintiff may be citizens of the same state, if there is a separable controversy which is wholly between citizens of different states, removal may be obtained. In such case the entire suit is brought into the District Court. Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Hoffman v. Lynch, D.C., 23 F.2d 518.

To take advantage of this section the removing party must show a separate and distinct cause of action on which a separate suit might have been maintained between the parties to the controversy, as to whom complete diversity exists. This suit must be capable of full determination as between them without reference to the other controversies in the suit. Fraser v. Jennison, 106 U.S. 191, 1 S.Ct. 171, 27 L. Ed. 131; Wilson v. Oswego Tp., 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70; Alabama Power Co. v. Gregory Hill Gold Mining Co., D.C., 5 F.2d 705.

What constitutes a separable controversy within the purview of Section 28 has been the subject of considerable discussion in the cases, but two general principles have clearly emerged. The first is that, save for the situation of fraudulent joinder to avoid removal, the right to remove on the ground of separable controversy is determined by the nature of the case disclosed by the plaintiff's declaration or complaint, as amended, when the petition for removal is filed. Pullman Co. v. Jenkins et al., 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334. The second principle is that the determination of the existence of a separable controversy is a matter of state law. Alabama G. S. R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Norwalk v. Airway Electric Appliance Corp., 2 Cir., 87 F.2d 317, 110 A.L.R. 183. There is no Federal jurisdiction if a joint cause of action is stated in the pleadings and the complaint by any reasonable construction shows that the joinder was properly made.

The usual rule in tort actions for negligence of the type here presented is that the defendants, in the absence of clear proof of bad faith in the joinder, are to be considered joint tort-feasors who may be jointly sued. Under the law of Massachusetts, if two or more wrongdoers contribute to an injury they may be sued jointly or severally, and it is immaterial that there was no concert between them or that it was impossible to determine what portion of the injury was caused by each. Corey v. Havener, 182 Mass. 250, 65 N.E. 69; Feneff v. Boston & Maine Railroad, 196 Mass. 575, 82 N.E. 705. Chapter 231, Sec. 4A of the General Laws (Ter.Ed.) of Massachusetts as added by St.1943, c. 350, is evidently based on Federal Rules of Civil Procedure 20 and 21, 28 U.S.C.A. following section 723c. This section is procedural, not substantive, in effect.

The test of removability is not whether the plaintiff might have sued the defendants in separate actions; the test is, do the pleadings show joint or separable controversies? The right to remove is denied even though the plaintiff might have originally framed his pleadings to present a separable controversy as to some of the defendants. Pullman Co. v. Jenkins et al., supra; Watson v. Chevrolet Motor Co. of St. Louis, 8 Cir., 68 F.2d 686, certiorari denied, 292 U.S. 637, 54 S.Ct. 716, 78 L.Ed. 1490. The pleadings in the instant case indicate that the defendants are being jointly sued and that a joint cause of action is stat-

ed. There is nothing in the plaintiff's declaration to show that the negligence of the non-resident defendants was different from, or not concurrent with, the acts of the resident defendant. The existence of the basis for the jurisdiction of this Court is not established.

This Court, acting on its own motion, may raise the jurisdictional issue at any stage of the proceedings. Indeed it is under a duty so to do. Brady v. Bernard & Kittinger, 6 Cir., 170 F. 576, 579, certiorari denied, 217 U.S. 595, 30 S.Ct. 695, 54 L.Ed. 896. If no jurisdiction exists the parties may not confer jurisdiction by mutual assent. Mansfield C. & L. M. R. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L. Ed. 462.

For the reasons indicated the cause is remanded to the State Court.