DOUGHERTY v. YAZOO & M. V. R. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. March 31, 1903.)

No. 1,149

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—JOINT DEFENDANTS—JURISDICTION—DEFENSES.

Where a complaint in an action by a carrier alleges a joint cause of action against two defendants, one of whom was of the same citizenship as plaintiff, whether separate defenses alleged by such defendants will defeat plaintiff's cause of action, as alleged, is a question involving the merits of the action, and cannot be considered in determining whether the cause was removable to the federal court.

2. SAME—COMPLAINT—CONSTRUCTION—JOINT TORT.

Plaintiff alleged that defendant railroad company and defendant palace car company were engaged in running a passenger train, on which plaintiff was accepted as a passenger; that the palace car was operated and controlled jointly by both defendants, and that the servants of the car company were also the servants of the railroad company; and that these servants so operated the train and palace car in which plaintiff was riding, that, by the violent movement of the cars, and the negligence of the employés of the defendant in putting plaintiff in a place of danger, he was thrown from the train and injured. *Held,* that the complaint alleged a joint cause of action against both defendants, and hence the

¶ 2. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

palacè car company was not entitled to remove the cause to the federal courts, where the railroad company was a citizen of the state where the action was brought.

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

This action was brought by John C. Dougherty, the plaintiff in error, in the state circuit court of Jefferson county, Miss., against the Yazoo & Mississippi Valley Railroad Company and the Pullman Palace Car Company, jointly, for personal injuries sustained by him by being thrown from a rapidly moving train of the defendant railroad company, through the alleged joint negligence of the defendants and their servants. In due time the Pullman Company presented its petition to the state court for removal of the suit to the United States Circuit Court, alleging that "this is a suit wherein the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and in which there is a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid; that this is a suit in which there is a controversy which is wholly between citizens of different states, and which can be fully determined as between them, and petitioner is one of the defendants actually interested in said controversy." Thereupon the suit was removed to the Circuit Court. The plaintiff moved to remand on the grounds, first, that the suit was not removable to the Circuit Court; second, that this suit, embracing the same cause of action, was first instituted by the plaintiff against the defendants in the Circuit Court of the United States for the Eastern District of Louisiana, and was dismissed by that court for the want of jurisdiction, based upon citizenship, on the motion of the defendant Pullman Palace Car Company, on the —— day of ——, 1899. This motion, having been duly heard, was refused by the Circuit Court. The learned judge who sat in the Circuit Court, in passing on this motion, announced the following views:

"Whenever it appears on the petition and from all the pleadings that the controversy is wholly between citizens of different states, as it does here, one of several defendants, being actually interested therein, a nonresident, and a 'citizen' of another state, may remove it to a federal court, irrespective of whether the suit involved separate controversies, or only one. See Hunter v. Conrad et al. (C. C.) 85 Fed. 803. In Garner v. Second National Bank of Providence et al. (C. C.) 66 Fed. 309, it is held that, 'where an action is brought in a state court by a citizen of one state, any one of such defendants, without the others, may remove the cause to a federal court, though it contains but a single controversy.' In Boston Safe Deposit & Trust Company v. Mackay et al. (C. C.) 70 Fed. 801, it is held that where a citizen of one state commences an action in the state court of another state against three persons, two of whom are citizens of the state where the suit is brought, and one of whom is a citizen of a third state, such citizen of the third state may remove the case to the federal court. The Pullman Palace Car Company, a citizen of Illinois, sued by a citizen of Tennessee in a United States court of Louisiana, had a right to plead to the jurisdiction of that court, and move to dismiss the suit for want of jurisdiction, and demand that it be sued in a federal court in its own district of Illinois. But the plaintiff sues in a state court, and unquestionably the defendant, on showing that it is a citizen of the state of Illinois, and the plaintiff a citizen of the state of Tennessee, and its codefendant a citizen of Mississippi, and the amount in controversy exceeding, exclusive of interest and costs, the sum of two thousand dollars, and filing a bond as required by law, is entitled to be heard in the Circuit Court of the United States for the Southern District of Mississippi, notwithstanding its motion to dismiss in the United States Circuit Court for the Eastern District of Louisiana. The motion to remand must be denied."

The Circuit Court having thus retained the case, such proceedings were thereinafter had as resulted in a verdict and judgment for the defendants, to review and reverse which the plaintiff sued out this writ of error.

L. W. Magruder and J. C. Bryson, for plaintiff in error.

Edward Mayes, J. B. Harris, and Thomas A. McWillie, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge (after stating the facts as above). The first error assigned is the overruling and denying plaintiff's motion to remand this suit. Counsel for the Pullman Company urge that the jurisdiction of the Circuit Court in this case can be safely rested on the diversity of citizenship alone, and that the petition for removal need not have contained the additional averment that there was a separable controversy. In reference, however, to the averment of a separable controversy in the suit, they urge that the sufficiency of the roadbed and the proper handling of the train are matters of defense with which the Pullman Company has no concern, and, moreover, that, not being a common carrier, it is under no duty to exercise the same high degree of care required of the railroad company; that the complaint involves quite different lines of defense on the part of the two defendants.

As to these contentions:

Counsel for the plaintiff in error relies with well-placed confidence on the cases of Chicago, Rock Island & Pacific Railway Company v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055, and Chesapeake & Ohio Railway Company v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121. In the first of these cases it appears that Lissa Martin, as administratrix of William Martin, deceased, brought her action for damages against the Chicago, Rock Island & Pacific Railway Company, and against Clark and others, receivers of the Union Pacific Railway Company, in the state court in Kansas. The receivers presented their petition and bond, praying for removal of the cause to the United States Circuit Court on the ground that the case arose under the Constitution and laws of the United States. Their application was overruled. The case was tried. Judgment was rendered in favor of the plaintiff against all of the defendants. This judgment was affirmed on writ of error by the Supreme Court of Kansas. 59 Kan. 437, 53 Pac. 461. The refusal of the state court to remove the cause to the Circuit Court on the application of the receivers was relied on as error throughout the proceedings; and the Supreme Court of Kansas held that the application for removal was properly denied, because all of the defendants were charged with jointly causing the death of plaintiff's intestate, and all did not join in the petition for removal. The case was brought by writ of error to the United States Supreme Court. In delivering the opinion of that court, the Chief Justice, after reciting the language of the act of August 13, 1888, 25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 509], bearing upon the subject, says:

"It thus appears on the face of the statute that if a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one; but where the suit is between citizens of different states, and there is a separable controversy, then either one or more of the defendants may remove.

"Under the first clause of section 2 of the act of 1875 (18 Stat. 470, c. 137), which applied to 'either party,' but in its re-enactment in the second clause of section 2 of the act of 1887 [24 Stat. 552, c. 373], above quoted, is confined to the defendant or defendants, it was well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition; and so as to the second clause of the second section of the act of 1875, which corresponds with the third clause of the second section of the act of 1887, it was held that that clause only applied where there were two or more controversies in the same suit, one of which was wholly between citizens of different states. Hanrick v. Hanrick, 153 U. S. 192 [14 Sup. Ct. 835, 38 L. Ed. 685], and cases cited; Torrence v. Shedd, 144 U. S. 527 [12 Sup. Ct. 726, 36 L. Ed. 528], and cases cited. In the latter case Justice Gray said: 'As this court has repeatedly affirmed, not only in cases of joint contracts, but in actions for torts, which might have been brought against all or against any one of the defendants, separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' "

In the concluding paragraph of the opinion, the Chief Justice says:

"Whatever the rights of the receivers to remove the cause if they had been sued alone, the controversy was not a separable controversy, within the intent and meaning of the act. This being so, the case came solely within the first clause of the section, and we are of the opinion that it was not intended by Congress that under such circumstances there should be any difference between the rule applied under the first and the second clauses of section 2 of the act of 1887–88."

In the case before us, does a separable controversy appear on the face of the plaintiff's declaration? In the case of Chesapeake & Ohio Railway Company v. Dixon, supra, the action was by the administratrix of the deceased to recover damages against the railway company and against the engineer and fireman who were handling the train at the time the intestate was killed. It was alleged in the petition that the engineer and fireman of the train were guilty of the negligence causing the death, and that the corporate defendant, through its employés, was also guilty of that negligence, and therefore they were jointly liable for the destruction of the life of the deceased, caused thereby. The plaintiff was a citizen of Kentucky. The engineer and fireman were also citizens of Kentucky. The railway company was a citizen of Virginia. It filed its petition for the removal of the cause to the Circuit Court of the United States for the District of Kentucky, and tendered therewith a bond as required by law. The ground on which the removal was asked was that there is in the suit a controversy which is wholly between citizens of different states, and which can be fully determined as between them, to wit, a controversy between the petitioner and the plaintiff, who are citizens of different states; stating the controversy to be whether the petitioner is liable to the plaintiff for damages on account of the death of the intestate, and alleged to have been caused by the negligence of certain of its servants, therein named, and made defendants thereto, and other of its servants, then and there in its employ-

ment, and who are not named; it being claimed by the plaintiff that because thereof the petitioner is liable in damages to her, and that the petitioner and the plaintiff are both actually interested in that controversy. The petition further avers that the engineer and fireman are neither necessary nor proper parties defendant to the cause, and that they were made parties defendant for the sole purpose to prevent a removal by petitioner of the cause to the Circuit Court of the United States for the District of Kentucky, and thereby unlawfully to deprive petitioner of the right conferred upon it by the Constitution and laws of the United States. The state trial court adjudged the bond sufficient, but overruled the application. A trial on the merits was had, resulting in a verdict and judgment in favor of the plaintiff, which judgment was affirmed on appeal by the Court of Appeals—the court of last resort in the state of Kentucky. 47 S. W. 615. To review this judgment of the Court of Appeals, the case was carried on writ of error to the United States Supreme Court. In the opinion of that court it is said that if the liability of the defendants, as set forth in the pleadings of the plaintiff, was joint, and the cause of action entire, then the controversy was not separable, as a matter of law. The railway company contended that the averment that the negligence complained of was the joint negligence of all of the defendants merely stated the conclusion of law that the company and its employés were jointly liable in the action for the injury inflicted through the negligence of the latter in the course and within the scope of their employment. This conclusion it denied, on the ground that the liability of the company, as alleged, rested on a wholly different basis from that of the liability of its servants. After considering briefly this contention, and citing the case of Warax v. Cincinnati, N. O, & T. P. Railway Company (C. C.) 72 Fed. 637, and the text of Mr. Pollock in his work on Torts (Am. Ed.) 89, 90, and the language of Lord Brougham in Duncan v. Findlater, 6 Clark & Fin. 894, 910, and of Lord Cranworth in Bartonshill Coal Company v. Reid, 3 Macq. H. L. Cas. 266, 283, and of Chief Justice Shaw, in Farwell v. Boston & Worcester Railroad Company, 4 Metc. (Mass.) 49, 38 Am. Dec. 339, the Chief Justice used this language:

"Whatever its sources, or the principles on which it rests, the rule itself is firmly established; and many courts have held the identification of master and servant to be so complete that the liability of both may be enforced in the same action, although other courts have reached the opposite conclusion. As remarked by Mr. Justice Gray, then Chief Justice of Massachusetts, in Mulchey v. Methodist Religious Society, 125 Mass. 487, the question is a somewhat nice one, the determination of which by the highest court of Kentucky we are not called upon to revise, as the disposition of this case turns on other considerations. In respect to the removal of actions of tort on the ground of separable controversy, certain matters must be regarded as not open to dispute."

Citing Powers v. Chesapeake & Ohio Railway Company, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. In this case it is declared to be—

"Settled that an action of tort which might have been brought against many persons, or against any one or more of them, and which is brought in a state court against all jointly, contains no separable controversy which will au-

thorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers, and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one. * * * The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings. [Citing numerous cases.] In Railroad Company v. Wangelin [132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473] it was said to be equally well settled that in any case the question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the state court at the time of the filing of the petition for removal, independently of the allegations in that petition or in the affidavit of the petitioner, unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the federal court."

In the Dixon Case the plaintiff did not set forth the specific acts of negligence of which she complained. The allegation was general —that the negligence of the corporate defendant was done by and through its said servants, and other of its servants then and there in its employment, and said negligence was the joint negligence of all the defendants. It was not material that the charge of negligence was not more specific.

"The negligence [of the corporate defendant] may have consisted in that the train was run at too great speed, and in that proper signals of its approach were not given; and if the speed was permitted by the company's rules, or not forbidden, though dangerous, the negligence in that particular and in the omission of signals would be concurrent. Other grounds of concurring negligence may be imagined, and, where concurrent negligence is charged, the controversy is not separable."

When the pleadings of the plaintiff in a suit present such a state of parties and such a cause of action as make a case which may be removed from the state court to the Circuit Court under one or more of the first three clauses of the second section of the act of August 13, 1888, 25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 509], and a petition for removal is duly made by the party entitled to remove, and proper bond is tendered, it becomes the duty of the state court, whose jurisdiction is thereby ousted, to order the removal. And its refusal to do so is error, and ground for reversal of its judgment by the court of last resort in the state, or, in case that court affirms the action of the trial court, the case may be reviewed on writ of error by the Supreme Court, and will be reversed. On the other hand, when the state court orders the removal of a case which it should retain, because, under the provision of the act applicable to the petition for removal, the case is not one which should be removed, then, on a motion to remand, duly made, or without a motion, if essential jurisdiction is involved, it is the duty of the Circuit Court to remand the cause; and its refusal to do so in such cases is error requiring the reversal of its judgment. The plaintiff's pleadings in this case aver, in substance, that both of the defendant corporations were engaged in running a passenger train of cars from New Orleans to Vicksburg, Miss.; that there was attached to this train a car commonly called a "Pullman car," which belonged to the Pullman Company; that this car was operated and controlled jointly

by the Pullman Company and the defendant railroad company; that the officers, agents, and servants under whose management and control the Pullman car was operated were the officers, agents, and servants both of the Pullman Company and of the Yazoo & Mississippi Valley Railroad Company; that these officers and employés of the defendants so handled the train and the plaintiff, who was a passenger thereon, and under their direction and subject to their control, that he was, by the violent movement of the cars, and the negligence of the employés of the defendants in putting him in a place of danger, thrown therefrom, and thereby was greatly bruised and hurt, for which he claims damages; that he had secured the right to be transported to Vicksburg, and to occupy a seat in the sleeping car as far as Harriston, at which point the train was due to stop at 10:50 p. m., when the plaintiff was to be notified to go forward into the ordinary coach for a seat; that the train did stop at Harriston, but plaintiff, who was asleep, was not notified that the train had reached that point until after it had moved on, and was running at a dangerous rate of speed over, a defective and crooked track, when the plaintiff was aroused from sleep, and, while yet in a somnolent and semiconscious condition, was escorted at this midnight hour out of the sleeping car, and towards the coach in which he now had a right to a seat; that by this negligence of those who were the servants of both of the defendants, and by the direct negligence of the defendant railway company in using a defective track, and in requiring or permitting the driving of its train over this defective track at a dangerous rate of speed, plaintiff received the injuries, to recover damages for which this suit is brought. Whether the allegations as to the relation of the employés to the respective defendants, and as to the conduct of these employés, shall or shall not ultimately be sustained by competent proof, and whether either defendant may be able to maintain such a defense as will exempt it without exempting the other, or whether each of the defendants may have and may be able to maintain such a defense as will, either in whole or in part, defeat the recovery which the plaintiff seeks, present questions on the merits, not affecting the question of jurisdiction here involved. Powers v. Chesapeake & Ohio Railroad Company, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673; Railroad Company v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473; Whitcomb v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303. It seems clear to us that if the liability of the defendants, as set forth in the pleadings of the plaintiff in the case of Chesapeake & Ohio Railroad Company v. Dixon, supra, was joint, and the cause of action entire, and did not present a controversy which was separable, as a matter of law, within the meaning of the removal acts, the pleadings of the plaintiff in this case present only one cause of action against the defendants jointly, and present no controversy separable as a matter of law, and that the Circuit Court erred in refusing to remand.

The Pullman Company, having wrongfully removed the case into the Circuit Court, must pay the costs in that court, as well as the costs in this court. Hanrick v. Hanrick, 153 U. S. 192, 14 Sup. Ct. 835, 38 L. Ed. 685.

It follows that the judgment of the Circuit Court is reversed, and the case is remanded to that court, with directions to render judgment against the Pullman Palace Car Company for costs in that court, and to remand the case to the state court.