SOUTHERN RY. CO. v. THOMASON.

(Circuit Court of Appeals, Fourth Circuit. July 11, 1906.)

No. 652.

REMOVAL OF CAUSES—PREJUDICE—CONTROVERSY PARTLY BETWEEN CITIZENS OF SAME STATE.

Act March 3, 1887, c. 373, § 2, cl. 4, 24 Stat. 553, as corrected by Act Aug. 13, 1888, c. 866, § 2, 25 Stat. 434 [U. S. Comp. St. 1901, p. 509], authorizing the removal of causes from state to federal courts because of prejudice and local influence, does not furnish a separate and independent ground of jurisdiction, but relates only to special cases comprised in the preceding clauses, consisting of cases in which there is a controversy between a citizen or citizens of the state in which the suit was brought, and a citizen or citizens of other states, excluding cases wherein the controversy is partly between citizens of the same state.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 120, 123.

Prejudice or local influence ground for removal of cause to federal court, see note to P. Schwenk & Co. v. Strong, 8 C. C. A. 95.]

In Error to the Circuit Court of the United States for the Western District of North Carolina, at Asheville.

Charles A. Moore (Moore & Rollins, on the brief), for plaintiff in error.

James H. Merrimon (Locke Craig, on the brief), for defendant in error.

Before GOFF, Circuit Judge, and PURNELL and McDOWELL, District Judges.

GOFF, Circuit Judge. This action at law was instituted by Ernest Thomason, the defendant in error, who acted by and through his guardian, Garland A. Thomason, in the superior court of Buncombe county, N. C., against the Southern Railway Company, the plaintiff in error, the Western North Carolina Railroad Company, and Luther F. Long. On the 12th day of September, 1899, the said Ernest Thomason, then an infant about 12 years of age, was injured upon a turntable belonging to and used by the Southern Railway Company at Old Fort,

in North Carolina. The object of this suit was to recover damages from the defendants because of said injuries. The defendants filed their joint answer in said superior court of Buncombe county, in which they admitted the allegation in the complaint that the Southern Railway Company was a corporation organized under the laws of the state of Virginia, and in which they denied all of the other material allegations contained in said complaint, and in addition, as a further defense, alleged that the plaintiff contributed to his injury by his own negligence, and was the author of his own misfortune and injuries. As a further defense, said defendants filed a special plea reciting the proceedings had in a former suit by said plaintiff against the Southern Railway Company for the same cause of action, and pleading the judgment rendered therein as a bar to this action.

Afterwards this cause was, by the order of the Circuit Court of the United States for the Western District of North Carolina, removed into said court, on consideration of the petition, affidavit, and bond filed therein by the Southern Railway Company; said order reciting that such petitioner could not, on account of prejudice and local influence, obtain justice in the superior court of North Carolina. Afterwards, on May 8, 1903, the plaintiff below moved the said Circuit Court of the United States to remand this suit to the court from which it had been removed, which motion the court below denied, and the cause, issue having been joined, was tried to a jury, which found a verdict in favor of the plaintiff, on which judgment was, after the amount so found had been reduced by the court, rendered for the plaintiff. From this judgment the defendant below sued out the writ of error now under consideration. The assignments of error are many. They raise questions of procedure of unusual interest, and involve the application of propositions of law of great importance. We are met, however, with a question of jurisdiction which must first be disposed of. That question is distinctly raised by the motion to remand, and were it not so presented it would nevertheless be our duty to consider it. Had the court below jurisdiction of this cause? Was it properly removed from the superior court of Buncombe county, N. C.? Did the Circuit Court for the Western District of North Carolina err when it refused to remand this case?

It is stated in the petition on which the removal was ordered that the plaintiff is a citizen of the state of North Carolina, and that the defendant, the Southern Railway Company, is a citizen of the state of Virginia, and it appears that the other two defendants are citizens of the state of North Carolina. The petition for and the order of removal are both based solely on the ground of "prejudice and local influence." The case does not present a controversy separable in its character, and it is not claimed that the joinder of defendants was made for the purpose of defeating the jurisdiction of the United States Circuit Court, of preventing a removal of the case to that court under the legislation applicable thereto. The question of jurisdiction must be determined by the status of the case, as it existed at the time the order of removal was made. Pleas filed, amendments made, and orders entered subsequent to the docketing of the case in the court below can have no bearing on this question.

The Circuit Courts of the United States can remove from the state courts only those cases of which such Circuit Courts are given original jurisdiction. Could this suit have been brought in the court below? Does not the complaint show a controversy between a citizen of North Carolina on one side, and a citizen of Virginia in connection with other citizens of North Carolina on the other side? It is plain that the jurisdiction of the Circuit Court was invoked upon the ground alone of the diversity of citizenship of the parties. The fourth clause of section 2 of the act of March 3, 1887, c. 373, 24 Stat. 553, as corrected in 1888 (Act Aug. 13, 1888, c. 866, § 2, 25 Stat. 434 [U. S. Comp. St. 1901, p. 509]), relating to removal because of prejudice and local influence, does not furnish a separate and independent ground of jurisdiction, but relates only to special cases which are comprised in the preceding clauses. Suits removable on the ground of prejudice or local influence are those "in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state." The settled construction of the act last quoted, under which this case was removed, is, we think, so far as the class of cases removable on the ground of prejudice and local influence is concerned, that they are confined to those in which there is a controversy between a citizen or citizens of the state in which the suit is brought, and a citizen or citizens of another or other states, and it does not include cases wherein the controversy is partly between citizens of the same state. As was said by the Chief Justice, in Cochran v. County of Montgomery, 199 U. S. 260, 272, 26 Sup. Ct. 58, 50 L. Ed. 182:

"To hold otherwise brings the language of the clause into conflict with the rule that a suit to be removable must be within the original jurisdiction of the Circuit Court, departs from the settled former construction, and ignores the main purpose of the act of 1887, which was to restrict the jurisdiction of the Circuit Court. Hanrick v. Hanrick, 153 U. S. 192, 14 Sup. Ct. 835, 38 L. Ed. 685; Anderson v. Bowers (C. C.) 43 Fed. 321; Moon on the Removal of Causes, § 189 and notes. And there does not seem to be any escape from this conclusion in view of the provision of the first section of the act of 1887, that where the jurisdiction is founded solely on diversity of citizenship, suit can be bought only in the district of the plaintiff or the defendant."

In the case we now consider, the suit was brought in the plaintiff's state against the Western North Carolina Railroad Company and Luther F. Long, shown by the complaint to be necessary parties, citizens of the state of North Carolina, and the Southern Railway Company, a citizen of the state of Virginia, also a necessary party. It could not have been brought in the Circuit Court of the United States for the Western District of North Carolina. The controversy is one between a citizen of that state and district and other citizens of that state and district in conjunction with a citizen of the state of Virginia, and consequently the circuit court of that state and district under the legislation referred to, did not have jurisdiction of it. The case was improvidently removed and should have been remanded. The following cases discuss and construe the jurisdictional questions by which we are governed in the disposition of this case: Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Plymouth Gold Mining Co. v. Amador & Sacramento Canal Co., 118

U. S. 264, 6 Sup. Ct. 1034, 30 L. Ed. 232; Louisville & Nashville Railroad Company v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473; Cameron v. Hodges, 127 U. S. 322, 8 Sup. Ct. 1154, 32 L. Ed. 132; Chicago, Rock Island & Pacific Railway Co. v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055; Chesapeake & Ohio Railway Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121; Cochran and Fidelity & Deposit Co. v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182.

The removal from the state court having been made on the application of the Southern Railway Company, that company will be required to pay the costs incurred in this court and in the court below.

Judgment reversed and cause remanded to the Circuit Court, with a direction to remand to the state court. All costs to be paid by the plaintiff in error.