## ARMSTRONG v. KANSAS CITY SOUTHERN RY. CO. et al.

(Circuit Court, W. D. Arkansas. Ft. Smith Division. December 18, 1911.)

1. REMOVAL OF CAUSES (§ 49*)—SEPARABLE CONTROVERSY—JOINT LIABILITY OF RAILROAD AND ENGINEER.

A complaint in an action against a railroad in which the engineer was joined as a codefendant, alleging that the collision in which plaintiff was injured resulted from disobedience of orders by the engineer, the only negligence of the railroad alleged being the acts of the engineer and other employés, does not show a separable controversy so as to be removable to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 97; Dec. Dig. § 49.*]

2. REMOVAL OF CAUSES (§ 36*)—SEPARABLE CONTROVERSY—PURPOSE OF JOINDER—EFFECT.

Where, on the face of the record plaintiff appears to have a cause of action against each of the defendants joined, one of whom is a resident of the same state as plaintiff, it is not material that the actual purpose of plaintiff in joining the resident defendant was to prevent removal to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*

Separable controversy, ground for removal of cause, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Meeke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

3. REMOVAL OF CAUSES (§ 107*)—MOTION TO REMAND.

For the purpose of passing on the question whether there has been a fraudulent joinder of defendants to prevent removal to the federal court, the motion to remand may be regarded as a demurrer to the petition as not stating sufficient grounds for removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 227; Dec. Dig. § 107.*]

4. REMOVAL OF CAUSES (§ 86*)—FRAUDULENT JOINDER OF RESIDENT DEFENDANT—PETITION FOR REMOVAL—SUFFICIENCY.

In an action against a railroad in which the engineer was joined as a codefendant, the complaint alleged that such codefendant was the engineer on the train on which plaintiff was a passenger; that, as such engineer, he had received orders to hold his train at a certain point until a certain hour, or until a certain other train had passed; that he did not hold his train as ordered; and that a collision resulted in which plaintiff was injured. The petition for removal to the federal court alleged that plaintiff knew when she started the suit that she had no cause of action against the engineer, and that he was not a proper party to the action. It was further alleged that said engineer was in no way responsible for plaintiff's injuries and that he had been joined as a defendant for the sole purpose of preventing removal by the railroad. There was no allegation that plaintiff had refrained from stating any facts showing the engineer's negligence. *Held*, on motion

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to remand, that the petition for removal did not state sufficient facts to show that the joinder of the engineer was fraudulent.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 86.*

Fraudulent joinder of parties to prevent removal, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

5. REMOVAL OF CAUSES (§§ 89, 107*)—JOINDER OF RESIDENT DEFENDANT—GOOD FAITH—BURDEN OF PROOF.

On an issue of fact raised by a petition for removal to the federal court and a motion to remand, as to the good faith of plaintiff in joining employé as a codefendant, the burden of proof is on the petitioning defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 193, 230; Dec. Dig. §§ 89, 107.*]

6. PROCESS (§ 163*)—AMENDMENT.

A summons directed to the sheriff of one county and served by the sheriff of another is not void, but may be amended under Kirby's Dig. Ark. § 6145, which provides that a court may, at any time, in the furtherance of justice, amend any pleading or process by adding or striking out the name of any party, or by correcting a mistake in any other respect, or by inserting other allegations material to the case.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 224-238; Dec. Dig. § 163.*]

7. REMOVAL OF CAUSES (§ 49*)—NONSERVICE ON RESIDENT DEFENDANT.

The mere fact that a resident defendant in a joint suit is not served does not entitle the nonresident defendant to a removal to the federal court as for a separable controversy.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 98; Dec. Dig. § 49.*]

8. REMOVAL OF CAUSES (§ 68*)—LOCAL PREJUDICE—GROUND FOR REMOVAL.

A suit against two defendants, one of whom is a nonresident and the other a resident of the state, is not removable to the federal court on the ground of prejudice and local influence against the nonresident defendant in the county in which the suit is brought and in adjoining counties.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 122, 123; Dec. Dig. § 68.*

Removal of cause for prejudice or local influence, see note to P. S. Schwenk & Co. v. Strang, 8 C. C. A. 95.]

At Law. Action by Susie Armstrong against the Kansas City Southern Railway Company and another. On motion to remand to state court. Sustained.

King & Alley, for plaintiff.
Read & McDonough, for defendants.

YOUMANS, District Judge. This is a motion to remand this cause to the Polk county circuit court from which it was removed to this court. The suit was brought against the Kansas City Southern Railway Company and J. C. Hartzler for an injury sustained by the plaintiff while she was a passenger on a passenger train of the railway company, of which train the defendant Hartzler was engineer. The petition for removal sets up the following grounds: First, diversity of citizenship between plaintiff and the railroad company, and a separable controversy as between them; second, the fraudulent joinder of defendant Hartzler for the purpose of preventing removal; third, that

defendant Hartzler is in fact not a party to the suit on account of ineffective service; fourth, on account of prejudice and local influence.

[1] The allegation of the complaint with regard to joint liability of the railway company and the engineer is as follows:

"Plaintiff states that her damages, as herein alleged, were caused by the gross negligence and carelessness of the defendant in the operation of said train No. 7, known as the "Traveler"; that the defendant, J. C. Hartzler, who was the engineer, had orders to stop said train No. 7 at Hatfield until 8 o'clock p. m. on the evening of the injury complained of, and to wait there until such time as it would require freight train No. 56, north bound, to arrive at Hatfield, but that, disregarding said orders, the said engineer and other employés of the defendant the Kansas City Southern Railway Company caused said train to leave Hatfield before the said train No. 56 had reached Hatfield, and before 8 o'clock p. m., with the result that soon after leaving Hatfield the two trains collided in a head-on collision, all of which was caused by the gross negligence of the defendant and other employés, and for which both are liable in damages to this plaintiff."

It appears from that allegation that the collision in which plaintiff was injured resulted from a disobedience of orders by the defendant Hartzler. The railroad company not only did not join in the negligence which caused the injury, but gave directions, which, if obeyed, would have avoided it. The question then is whether under those circumstances the controversy is separable under the removal section. There has been a difference of opinion in the federal courts on this question, but the Supreme Court seems to have decided conclusively that such a controversy is not separable. The question came before Circuit Judges Taft and Lurton in the case of Warax v. Cincinnati, N. O. & T. P. R. Railway Company (C. C.) 72 Fed. 637. The court said:

"Hence, the question is whether, when a master is held liable for the negligence of his servant in his absence, which negligence he did not direct, he can be said to have acted in concert with the servant to produce the injury in such a way as that he and the servant can be held liable in the joint action. Clearly not. His liability does not arise from any common purpose that he had with the servant, or from any actual unity of action between them, in point of time and effect, or otherwise. His liability arises simply and solely from the policy of the law, which makes him responsible for the acts of his servants done in the discharge of his business. The rule by which he is held is usually referred to as the rule of respondeat superior, which, says Mr. Pollock, in his work on Torts (4th Ed., p. 70), 'is a dogmatic statement, not an explanation.' * * * It will thus be seen that the master is not held on any theory that he personally interferes to cause the injury. It is simply on the ground of public policy which requires that he shall be held responsible for the acts of those whom he employs done in and about his business even though such acts are directly in conflict with the orders which he had given them on the subject. The liability of the servant, on the other hand, arises wholly because of his personal act in doing the wrong. It does not grow out of the relation of master and servant, and does not exist at all, unless it would also exist for the same act when committed, not as the servant, but as the principal. Liabilities created on two such wholly different grounds cannot and ought not to be joint."

The court refused to remand that case. This decision was rendered on the idea that the term "controversy" in the removal section was the equivalent of "joint cause of action." That case was followed in Helms v. Northern Pacific Railway Company (C. C.) 120 Fed. 389;

Shaffer v. Union Brick Company (C. C.) 128 Fed. 97; Evensburg v. Insurance, Stove, Range & Foundry Co. (C. C.) 168 Fed. 1001. Without citing the Warax Case, the principal in that case was followed in Atlantic Coast Line v. Bailey (C. C.) 151 Fed. 891. In the last case the court cites and quotes, with approval, a portion of the opinion in the case of Creagh v. Equitable Life Assurance Society (C. C.) 88 Fed. 1. The language as quoted is as follows:

"That when a master is made liable for a negligent or wrongful act of his servant, solely upon the ground of the relationship between them, and the application of the rule of respondeat superior, and not by reason of any personal participation in the negligent or wrongful act, he is liable severally, and not jointly with the servant. I have considered it a logical sequence from this rule that, although the master and his delinquent servant be named as codefendants in such an action, the complaint shows affirmatively that there is no joint liability, and that either defendant may properly claim that there is a separable controversy between himself and the plaintiff."

From the foregoing quotation and without reading the entire opinion in the Creagh Case, one would be led to the conclusion that the writer of the opinion applied the rule thus stated in the case before him and maintained its correctness. That, however, is not the fact. Judge Hanford, the writer of the opinion, states the rule which he had applied up to that time, and then stated that the Supreme Court had decided differently, and he, following that decision, which was contrary to the rule stated by him, on his own motion remanded the case before him. In the case of Lockard v. St. Louis & S. F. R. Co. (C. C.) 167 Fed. 675, the court followed the case of the Atlantic Coast Line R. Co. v. Bailey, and quoted that portion of the opinion which contained the quotations above mentioned in the Creagh Case. So that, the courts, in the Bailey and Lockard Cases, purporting to follow the Creagh Case, applied a rule which the court in that case not only did not follow, but decided to be contrary to the decisions of the Supreme Court. While in the case of Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, the Supreme Court did not declare a rule different from the one in the Warax Case, still, it intimated strongly its disapproval of it.

In the case of Alabama Southern Railway Company v. Thompson, 200 U. S. 215, 26 Sup. Ct. 163, 50 L. Ed. 441, Mr. Justice Day, delivering the opinion of the court and referring to the opinion by Mr. Justice Gray in the Powers Case said:

"After thus stating the rule, the justice commented on the Warax Case, supra, as a departure from the former ruling of the Circuit Court. And while the Powers Case was decided on the ground of the right to remove after the local defendants had been dismissed from the action by the plaintiff, it is patent from the language just quoted from the opinion that, conceding the misjoinder of causes of action appeared on the face of the petition, that fact was not decisive of the right of the nonresident defendant to remove the action to the federal court."

Further, in the same opinion, Mr. Justice Day said:

"In other words, the right to remove depended upon the case made in the complaint against both defendants jointly, and that right in the absence of a showing of fraudulent joinder, did not arise from the failure of the complainant to establish a joint cause of action."

Further, in the same opinion, Mr. Justice Day said:

"Does this become a separable controversy within the meaning of the act of Congress because the plaintiff has misconceived his cause of action and has no right to prosecute the defendants jointly? We think, in the light of the adjudications above cited from this court, it does not. Upon the face of the complaint, the only pleading filed in the case, the action is joint. It may be that the state court will hold it not to be so. It may be, which we are not called upon to decide now, that this court would so determine if the matter shall be presented in a case of which it has jurisdiction. But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal. The case cannot be removed unless it is one which presents a separable controversy wholly between citizens of different states. In determining this question the law looks to the case made in the pleadings, and determines whether the state court shall be required to surrender its jurisdiction to the federal court."

The Thompson Case went to the Supreme Court on a certificate from the United States Circuit Court of Appeals for the Sixth Circuit, and a decision was asked on the following questions:

"1. May a railroad corporation be jointly sued with two of its servants, one the conductor and the other the engineer of one of its trains, when it is sought to make the corporation liable only by reason of the negligent act of its said conductor and engineer in the operation of a train under their management and control, and solely upon the ground of 'the responsibility of a principal for the act of his servant, though not personally present, or directing, or not charged with any concurrent act of negligence.

2. Is such a suit removable by the corporation as a separable controversy when the amount involved exceeds $2,000.00 exclusive of interest and cost, and requisite diversity of citizenship exists between the said company and the plaintiff, the citizenship of the individual defendants sued with the company as joint tort-feasors being identical with that of the plaintiff."

The court gave its conclusions as follows:

"We answer the first question: That for the purpose of determining the right of removal the cause of action must be deemed to be joint. The views herein expressed lead to the answer to the second question in the negative."

The Thompson Case is decisive here of the question of separable controversy. That case has been followed in the Supreme Court by the cases of Southern Railway Company v. Miller, 217 U. S. 209, 30 Sup. Ct. 450, 54 L. Ed. 732, and C., B. & Q. R. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521. In the case of Adderson v. Southern Railway Company (C. C.) 177 Fed. 571, a motion to remand was overruled in a case in which the engineer and conductor were joined with the railway company. In refusing to remand the case the court followed the Supreme Court of Georgia in the case of Southern Railway Co. v. Edwards, 115 Ga. 1022, 42 S. E. 375. Later the Supreme Court of Georgia in the case of Southern Railway Company v. Miller, 1 Ga. App. 616, 57 S. E. 1090, distinguished the Edwards Case to such an extent as practically to overrule it, and followed the decision of the United States Supreme Court in the Thompson Case. The Miller Case was taken to the Supreme Court of the United States on two federal questions. One was that the state court erred in refusing to remove the case to the United States Circuit Court on the petition of the railway company. The case grew out of an injury sustained in a collision. The conductor, engineer, and fireman of the

train with which plaintiff's train collided were joined as defendants with the railway company. After stating that the Supreme Court of Georgia, on the question of removal, held that the case was ruled by the case of Alabama Southern Railway Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, it was said:

"We agree with that conclusion. In that case it was held that for the purposes of determining the removability of a cause the case must be deemed to be such as the plaintiff has made it in good faith in his pleadings."

The conclusion is that the complaint in this case does not show a separable controversy within the meaning of the removal section.

[2] The petition for removal also alleges that the joinder of Hartzler was fraudulent and intended only to prevent removal. When on the face of the record plaintiff appears to have a cause of action against each of the defendants joined, one of whom is a resident of the same state as plaintiff, it is not material that the actual purpose of plaintiff in joining the resident defendant was to prevent a removal of the cause to the federal court. Atlantic Coast Line Co. v. Daniels (C. C.) 175 Fed. 302; Jacobson v. Chicago, R. I. & P. Ry. Co. (C. C.) 176 Fed. 1004; Illinois Central R. Co. v. Shiegog, 215 U. S. 308, 30 Sup. Ct. 101, 54 L. Ed. 208.

[3] The practice on proceedings to remand is indicated in Donovan v. Wells Fargo & Co., 169 Fed. 363, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250 (8th Circuit). It is there stated that issue may be joined on the allegations of the petition for removal. If there is a deficiency of detail with respect to what constitutes the alleged fraud, the petition may be amended in the federal court by making a fuller statement of the facts undertaken to be alleged in the petition. It is contended here that no issue has been joined on the allegations in the petition. Assuming that to be true, for the purpose of passing on the question thus presented, the motion to remand may be regarded as a demurrer to the petition as not stating grounds sufficient for removal. Hunter v. Illinois Cent. Ry. Co. (C. C. A.) 188 Fed. 649.

[4] The petition in this case does not challenge the ultimate facts which are alleged in the complaint to justify the joinder of Hartzler. Those facts were: (1) That Hartzler was the engineer on the train on which plaintiff was a passenger. (2) That, as such engineer, he had received orders to hold his train at a certain point until a certain hour, or until a certain other train had passed. (3) That he did not hold his train as ordered. (4) That a collision resulted in which plaintiff was injured.

If the petition had alleged that those allegations, or either of them, were not true, and that plaintiff knew that they were not true, and no issue had been joined on such allegations in the petition, then the court would be warranted in assuming the truth of them. For the purposes of this question, the allegations on the point of fraudulent joinder are as follows:

"For further grounds of removal this defendant states that the plaintiff was aware at the time she made J. C. Hartzler a party defendant herein that she had no cause of action against said J. C. Hartzler, and she knew that she could not recover against said J. C. Hartzler, and she knew that

said J. C. Hartzler was not a proper party to this action, and the said plaintiff well knew, the said fact to be true when she instituted this action, and that the said J. C. Hartzler was in no way responsible for the injuries complained of in the complaint, and had no part in causing the same, and the said plaintiff joined the said J. C. Hartzler as a defendant for the sole and exclusive purpose of denying to this defendant the right of removal of said cause to the United States Courts."

The railway company relies on the case of Hunter v. Illinois Central, supra, as authority for the sufficiency of the above allegation. It is true that the allegations above quoted are almost identical with certain allegations quoted in the Hunter Case, but there were other allegations in the petition in the Hunter Case that are not found in the petition in this case, and that are essential. In order to show the significance of these additional allegations, it is necessary to call attention to what the court states is alleged in the plaintiff's complaint in that case. The court said:

"The railroad company is alleged in the plaintiff's petition to have been negligent in respect to the manner of operation of the train, engine and cars upon which the deceased was working, and in furnishing a car equipped with brakes not in a suitable condition to stop or control the car. The conductor's alleged negligence related to the manner of the operation of the train, engine and cars upon which the deceased was working; it being also alleged that he knew, and by the exercise of ordinary care could have known of the defective and dangerous condition of the car. The coal company was charged with negligence in placing and allowing the cars to remain at the lower end of the switch, and at the same time leaving the switch open."

After quoting a portion of 'the petition, the court said:

"The petition for removal further alleged that the plaintiff has invented and applied to the conductor and the coal company 'various epithets imputing negligence and carelessness, but he has refrained from stating any facts showing such negligence or carelessness, and in his petition in this case the plaintiff by design invented and used the epithets imputing negligence and carelessness to said W. H. Bash and the Greenfield Coal Company with the pretext, and for the fraudulent purpose of claiming a color of right to unite them as codefendants in this action with this defendant.' "

There is no allegation in the petition here that plaintiff "has refrained from stating any facts" showing the negligence or carelessness on the part of Hartzler. On the contrary, she has made plain, positive, direct, and unequivocal statements of facts showing negligence and carelessness on his part. The truth of those facts is not denied by the railway company. The joinder cannot be fraudulent if those facts be true. Jacobson v. Chicago, R. I. & P. Co., supra. The petition on demurrer does not state facts sufficient to show that the joinder of Hartzler was fraudulent.

[5] But the motion to remand does raise an issue upon the most important point to be considered, and that is the good faith of plaintiff in joining Hartzler as defendant. The third paragraph of the motion is as follows:

"Plaintiff further states that she desires to prosecute her suit in this cause against both of the defendants, and they are both liable to her, as is alleged in her complaint, and that she can only proceed against them both in the state courts, that is the circuit court of Polk county, Ark., and that

the said state court is the only court having original and exclusive juris-diction in this cause against the defendant Hartzler, one of the defendants against whom she desires to proceed, and that unless this cause is remand-ed to the state court for trial, where it was originally brought, she will have to proceed in this court against one of these defendants, and in the state court against the other defendant, thereby working a great hardship and inconvenience, and that she desires to prosecute her suit herein against both defendants jointly, at the same time and in the same court."

On the issue of fact thus raised on the question of good faith the burden of proof was on the railway company. Hunter v. Illinois Cent. R. Co., supra. No testimony was introduced on that point, and the only fact urged as tending to show bad faith, which fact appears in the record, was the issuance of a summons for Hartzler directed to the sheriff of Polk county and served by the sheriff in Sebastian county by the sheriff of that county. It is contended that this shows that Hartzler was simply made a party for the purpose of preventing removal. That would be an unwarranted inference. The reasonable explanation is that the clerk made a mistake in not directing the sum-mons to the sheriff of Sebastian county.

[6] It is also alleged in the petition that Hartzler is not a party to the suit because he has not been legally served. The transcript of the record shows as already stated that a summons was issued for Hartzler, directed to the sheriff of Polk county; that it was served on Hartzler in Sebastian county by the sheriff of the latter county. It is contended by the railroad company that the service was not only illegal, but the process was void. It is clear that the process was not void because it could have been served by the sheriff of Polk county. I am of the opinion, under the section of the statute of this state allowing amendments, and the liberal interpretation of that section by the courts of this state, that the summons in question can be amended. Section 6145 of Kirby's Digest of the Statutes of Arkansas provides:

"The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substan-tially the claim or defense, by conforming the pleading or proceeding to the facts proved."

In the case of Lowenstein v. Gaines, 64 Ark. 499, 43 S. W. 762, it was held that a summons could be amended after service by striking out an incorrect date of the commencement of a term of court. In this case Hartzler was actually served. The summons could have been, and was no doubt intended to be, directed to the sheriff of Se-bastian county. By inadvertence, oversight, or inattention, it was directed to the sheriff of Polk county. It presents a case for the ap-plication of the section of the statute above quoted.

[7] But even if it could be regarded as a void service, still, the result the petitioner contends for, would not follow. The mere fact that a resident defendant in a joint suit is not served, does not entitle the nonresident defendant to the removal as for a separable contro-versy. Patchin v. Hunter (C. C.) 38 Fed. 51.

[8] Another ground on which removal is sought is that of prej-

udice and local influence against the railway company in the county in which the suit was brought, and in adjoining counties. In the case of Malone v. Richmond & D. R. Co. (C. C.) 35 Fed. 625, in an opinion rendered by Mr. Justice Harlan, this portion of the removal section was construed and applied as follows:

"The clause prescribing prejudice or local influence as ground for the removal of a suit 'in which there is a controversy between a citizen and the state in which the suit is brought and a citizen of another state,' cannot well be separated, in the process of interpretation, from the preceding clause in the same section, which, by referring to the first section, requires as a condition of the removal of a suit because of diverse citizenship—the only kind of suit in which the existence of prejudice or local influence, as effecting the right of removal, is of any consequence—that the matter in dispute shall exceed in value $2,000 exclusive of interests and costs."

The limitation with regard to the amount in controversy was held to apply to that ground of removal. Later, in the case of Cochran v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182, the rule in the Malone Case was held applicable to all cases involving diversity of citizenship. In the case of Southern Railway Company v. Thomason, 146 Fed. 972, 77 C. C. A. 170, the court said:

"The settled construction of the act last quoted, under which this case was removed, is, we think, so far as the class of cases removable on the ground of prejudice and local influence is concerned, that they are confined to those in which there is a controversy between a citizen or citizens of the state in which the suit is brought, and a citizen or citizens of another or other state, and it does not include cases wherein the controversy is partly between citizens of the same state."

In the case of Cleveland v. C., C., C. & St. L. Ry. Co., 147 Fed. 171, 77 C. C. A. 467, Judge Lurton said:

"That the existence of prejudice and local influence does not furnish a separate and independent ground of removal, and only operates to extend the time within which a case may be removed when the requisite of diversity of citizenship exists, is fully settled by Cochran v. Montgomery County, 199 U. S. 260 [26 Sup. Ct. 58, 50 L. Ed. 182]."

The conclusion follows that no ground exists for the removal of this case to the federal court, and the motion to remand is therefore sustained.