PHŒNIX-BUTTES GOLD MINING CO. v. WINSTEAD et al.

(District Court, N. D. California, Second Division. August 26, 1914.)

No. 15259.

1. Costs ⊂=48—United States Courts—"Want of Jurisdiction"—Parties—Dismissal.

Under Judicial Code, § 37 (Act March 3, 1911, c. 231, 36 Stat. 1098 [Comp. St. 1913, § 1019]), providing that where a suit removed to the United States Circuit Court does not clearly involve a dispute properly within its jurisdiction, or the parties have been collusively made or joined for the purpose of removal, the court shall dismiss or remand the suit and make such order as to costs as shall be just, the dismissal of a bill which on its face made a case within the jurisdiction of the court on the ground of diversity of citizenship, because collusively brought by the plaintiff as disclosed by the evidence on a master's hearing after answer filed, was not a dismissal for "want of jurisdiction," and the court might allow defendant his costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 129, 192–210; Dec. Dig. ⊂=18.]

2. Costs ⊂=1—Act of Congress—Constitutionality.

Congress, having full power to regulate the jurisdiction of the Circuit Courts, was empowered to provide by Judicial Code, § 37, that, on dismiss-

al of a case because collusively brought in the Circuit Court, the court might make such order as to costs as should be just.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 2, 3, 109; Dec. Dig. ☞4.]

In Equity. Bill by the Phœnix-Buttes Gold Mining Company against Charles J. Winstead and others. Bill dismissed, and, from an allowance of defendants' costs, plaintiff appeals. Appeal overruled.

See, also, 226 Fed. 855.

James L. Crittenden, of San Francisco, for plaintiff.
Frank R. Wehe, of San Francisco, for defendants.

VAN FLEET, District Judge. [1] The bill in this case was dismissed on the ground that the evidence disclosed that the cause had been collusively brought in this court by the plaintiff (Phœnix-Buttes G. M. Co. v. Winstead, 226 Fed. 855), and the question now presented is whether in such an instance the court may competently allow a defendant his costs. The theory of the plaintiff, in support of its objection to the award of costs, is that the cause was dismissed for want of jurisdiction, and that in such a case the court's power extends only to a dismissal of the action, with no more right to adjudge costs than to pass upon the substantive questions presented by the bill. The contention is based on the authority of Citizens' Bank v. Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451, as the leading case, and others of like character, which hold, in general terms, that where the action is dismissed for want of jurisdiction the court lacks power to award costs. That case and those referred to by the court as the foundation of the doctrine each presented an instance in which the want of jurisdiction appeared upon the face of the pleadings or record. Thus in Inglee v. Coolidge, 2 Wheat. 363, 4 L. Ed. 261, cited by the court, wherein the rule first found expression, the writ of error was ordered dismissed on the ground that there was nothing appearing in the record to show jurisdiction in the court to entertain it. Thereupon counsel for the defendant in error moved for costs, and the court, through Chief Justice Marshall, briefly answered:

"The court does not give costs where a cause is dismissed for want of jurisdiction."

And in Hornthall v. The Collector, 9 Wall. 560, 566 [19 L. Ed. 560], cited by the court, the rule is stated thus:

"Costs were improperly allowed in the court below, as the case was dismissed for the want of jurisdiction on the face of the pleadings, and in such cases the general rule is that costs will not be allowed in this court."

But the present case was not one in which the want of jurisdiction appeared from the face of the record. The bill made a perfect case within the jurisdiction of the court upon the ground of diversity of citizenship, and the infirmity was only disclosed in the evidence taken upon the hearing before the Master after answer filed; and the dismissal was had under the provisions of section 5 of the Act of March

**3**, 1875, c. 137, 18 Stat. 472 (in force when the action was commenced, now section 37 of the Judicial Code), which provides:

"That if, in any suit commenced in a Circuit Court or removed from a state court to a Circuit Court of the United States, it shall appear to the satisfaction of said * * * court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said Circuit Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed as justice may require, and shall make such order as to costs as shall be just."

In the first place, I do not regard a case dismissed in obedience to the requirements of this statute as one dismissed "for want of jurisdiction" in the sense in which the expression is used in the above cases. There are two classes of cases specified in the statute as to which the court is admonished to "proceed no further" upon its being disclosed that the case falls within either: First, where it is found that "such suit does not really and substantially involve a dispute or controversy within the jurisdiction" of the court; second, where it is ascertained that the parties "have been improperly or collusively made or joined" to make a case apparently cognizable or removable under the act when in fact it is not. While as to the first class the defect is in its nature a jurisdictional one, it is not strictly so as to the second. That is to say, as to the latter class there can be no doubt that the court would have power to entertain a case thus brought but for the fact that the statute has forbidden it; not, however, because of any formal defect of "jurisdiction," but because it is the policy of Congress that parties shall not have the right to be heard in these courts where collusion has been resorted to to secure it. But in the next place, assuming that the defect as to both classes may be properly said to be jurisdictional, there is an obvious distinction between the cases there provided for and the class of cases represented in the authorities relied on by plaintiff. In the latter, as suggested, the defect is one which may always be detected by an inspection of the pleadings or record, and the case will be thrown out by the court either on suggestion of a party or on its own motion. In the cases provided for in the statute this is not so. In the first class there specified the defect may or may not appear on the record, and the defendant may be put to long and expensive effort to make it manifest. In the second class the defect will rarely, if ever, appear on the record, since parties do not plead their own fraud, and it can only be disclosed by a showing on affidavit or by the evidence at the trial, as in the present instance. Where parties are thus subjected to the expense and annoyance of a showing or trial, it is but just that in a proper case they should have their costs; and this Congress has recognized by the provision in question, leaving it to the discretion of the court to make such order with reference thereto as "shall be just."

[2] That Congress, to whom has been committed full power to regulate the jurisdiction of these courts within the Constitution, had power to make such provision, there is no question. The Mayor v. Cooper,

6 Wall. (73 U. S.) 251, 252, 18 L. Ed. 851. And that the statute furnishes ample authority for the allowance of costs in such a case is fully sustained by authority. Hanrick v. Hanrick, 153 U. S. 192, 14 Sup. Ct. 835, 38 L. Ed. 685; Mansfield, etc., Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804; State of Tennessee v. Bank of Commerce, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Neel v. Pennsylvania Co., 157 U. S. 153, 15 Sup. Ct. 589, 39 L. Ed. 654; Cochran v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182, 4 Ann. Cas. 451; Industrial, etc., Co. v. Electrical Supply Co., 58 Fed. 733, 7 C. C. A. 471; Thurber v. Miller, 67 Fed. 371, 14 C. C. A. 432; Dougherty v. Yazoo Co., 122 Fed. 205, 58 C. C. A. 651; Southern Ry. Co. v. Thomason, 146 Fed. 972, 77 C. C. A. 170. While these cases represent instances of remand, the statute puts both classes in the same category, and under its language the provision as to costs is equally applicable to both.

The appeal from the taxation of defendants' costs is overruled.